Worthington, Appellant, *v.* Oberhuber.

Argued November 12, 1965. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*David Kanner,* with him *Paul R. Sand,* and *Kanner, Stein and Feinberg,* for appellant.

*Joseph T. Labrum, Jr.,* with him *Lutz, Fronefield, Warner, Bryant & Labrum,* for appellee.

OPINION BY MR. JUSTICE COHEN, January 4, 1966:

This is an appeal by plaintiff from an order of the court below ordering a new trial to defendant McDonnell.

Plaintiff was a guest passenger in an automobile operated by defendant Oberhuber which vehicle was involved in a right angle collision with the automobile driven by defendant McDonnell. The case was sub-

mitted to the jury and after deliberating approximately three hours the jury requested additional instructions on negligence and the duty of drivers at intersections. The trial judge was not in his chambers and was contacted by telephone but declined to give any further instruction. Thereafter the jury returned a verdict against both defendants in the sum of $25,000. Both defendants filed motions for judgment n.o.v. and a new trial, and after argument the court en banc entered an order granting a new trial to defendant McDonnell only since defendant Oberhuber had withdrawn her motions.

In its opinion the lower court assigned as its sole reason for the grant of a new trial its error in refusing to give additional instructions when requested to do so by the jury.

There may be situations in which a trial judge may decline to answer questions put by the jury, but where a jury returns on its own motion indicating confusion, the court has the duty to give such additional instructions on the law as the court may think necessary to clarify the jury's doubt or confusion.

Appellant-plaintiff argues that the testimony so clearly imposed negligent liability upon the defendant McDonnell that the jury could not have been confused. The fact remains that they were confused since they returned and requested additional instructions. We cannot say that the lower court abused its discretion by acknowledging error in failing to give the jury additional instructions as requested.

Order affirmed.

Mr. Justice MUSMANNO dissents.