Nebel *v.* Mauk et al., Appellants.

316

Argued March 17, 1969. Before BELL, C. J., JONES, COHEN, O'BRIEN, ROBERTS and POMEROY, JJ.

*Richard D. Klaber,* with him *Dickie, McCamey & Chilcote,* for appellants.

*Herbert Jacobson,* with him *Harold Gondelman,* and *Baskin, Boreman, Sachs, Gondelman & Craig,* for appellant.

*Robert Rade Stone,* for appellee.

OPINION BY MR. JUSTICE COHEN, May 9, 1969:

This trespass action was undertaken to recover damages from the drivers and owners of two automobiles that struck plaintiff as he made a left turn onto a highway. The plaintiff, Nebel, entered the road after waiting for a break in the traffic. Nebel testified that he did not see the defendant Mauk driving in an automobile, owned by the City of Williamsport, because Mauk was then passing a truck. Mauk denies this maneuver or that any truck was there. The automobiles collided and plaintiff was thrown from his car to

the highway and/or low medial strip. Some time between 2 seconds and 2 minutes later, defendant Weiss struck plaintiff as he lay in the road.

The controversy centers around the existence of contributory negligence. The trial court charged that the doctrine of contributory negligence could not, as a matter of law, enter into the case against Weiss since the first incident had come to an end. The court relied on *Brazel v. Buchanan*, 404 Pa. 188, 171 A. 2d 151 (1961). In that case, however, it was clear that five minutes had passed between the separate strikings. It was clear that the "forces which combined to produce an accident and injury (had) spent themselves, and quiescence, no matter of what duration, (had) set in." *Brazel v. Buchanan*, supra, at 192. When the Court, speaking through Justice MUSMANNO, added that the same would apply to a shorter interval, it was dictum and does not determine the issue of the number of seconds required for "quiescence" to be established. In the present case, since the testimony as to the time between impacts is in conflict and hence properly submitted to the jury, it was a jury question whether sufficient time had elapsed to relieve the plaintiff of contributory negligence, if any were found.

The jury, after long deliberation, asked the following question: "What is the law: If a person is even slightly negligent can he claim damages from another person?" The trial judge after conferring with counsel for all parties could not arrive at a proper charge and therefore answered: "The charge covered this point specifically and fully. Because of the complex aspects of this case, the court cannot charge the jury further. Follow the charge as given." The jury then returned a verdict in favor of both defendants. Plaintiff filed a motion for a new trial, alleging, inter alia, that it was error not to recharge the jury on contributory

negligence. The court en banc agreed and ordered a new trial. The defendants appealed to this Court.

In ordering a new trial, the lower court quoted *Worthington v. Oberhuber*, 419 Pa. 561, 215 A. 2d 621 (1966) : "There may be situations in which a trial judge may decline to answer questions put by the jury, but where a jury returns on its own motion indicating confusion, the court has the duty to give such additional instructions on the law as the court may think necessary to clarify the jury's doubt or confusion." While the fact that the question was asked would indicate that some confusion existed, a new trial should not be ordered unless it can be shown that the confusion worked to the detriment of the losing party. The question could have been answered properly and simply "no", but it is evident from the colloquy in chambers that the attorneys had accepted the law of contributory negligence as charged and that the trial judge was not asked to nor did she intend to alter her basic instructions. The law, as given to the jury, was unduly favorable to the plaintiff and if the jury found for the defendants in spite of that charge or somehow struck upon the correct law, the plaintiff has not been prejudiced. In order to obtain a new trial the moving party must demonstrate in what way the trial error caused an incorrect result. The plaintiff cannot meet this burden in this case. The trial judge determined that it was unnecessary to give further instructions. This decision came after a conference with counsel for all parties in which the impact of that decision was fully recognized and discussed. To retreat from this position and order a new trial was an abuse of discretion in which the court en banc should not have indulged.

Order reversed with instructions to enter judgment on the jury's verdict.

Mr. Justice O'BRIEN would affirm the grant of a new trial.

Mr. Justice EAGEN took no part in the consideration or decision of this case.

———

DISSENTING OPINION BY MR. JUSTICE ROBERTS:

I would affirm the action of the court below granting appellants' motion for a new trial, and thus I dissent.

I believe that the trial court properly refused to submit the issue of contributory negligence to the jury as to the appellant Weiss, who was driving the second car which struck appellee. Once appellee is lying helpless on the road, he is incapable of being guilty of contributory negligence, and this circumstance could not provide a defense to any parties who subsequently run over him. Cf. *Brazel v. Buchanan*, 404 Pa. 188, 171 A. 2d 151 (1961). Although appellee's contributory negligence may have caused him to be struck by the first vehicle, it did not in the same sense cause him to be struck by the second. Appellee was doing nothing more than being helpless when he was struck by the Weiss car. Under these circumstances, I do not think it is relevant exactly how appellee came to be helpless. See *Brazel v. Buchanan*, supra.

As to the argument that it is unfair for Weiss to not be able to utilize a contributory negligence defense, while allowing him to so defend if he had struck appellee in mid-air, I think that it is necessary to first make clear that the second case is not before us, and I do not believe that the latter result should be assumed. Even assuming arguendo that contributory negligence would be available to Weiss if he had hit appellee in mid-air, I find the argued incongruity of that result and the one I would opt for here certainly to be no worse than that which would follow if appellee can recover from Weiss if he was lying on the road for twenty seconds, but not for two.

Since I believe that the trial court submitted the proper issues in this case to the jury, but failed to adequately dispel the jurors' confusion as to how to decide those issues, I would hold that it was in the discretion of the court en banc to grant a new trial. The trial court originally held that "because of the complex aspects of this case, the court cannot charge the jury further." But the complex aspects of the case are exactly what created the need for further jury instruction, and the court en banc apparently so recognized. Here the jurors' confusion went to an issue that was central to the litigation; the jury could not properly decide this case without a complete understanding of the relevant doctrines of contributory fault. When the jury believes that it is necessary to return to the courtroom in order to get additional instruction designed to dissipate its confusion, the trial court is duty bound to give that instruction. *Worthington v. Oberhuber*, 419 Pa. 561, 215 A. 2d 621 (1966).

I find the majority's statement that it is evident from the "colloquy in chambers that the attorneys had accepted the law of contributory negligence as charged" to be almost incomprehensible. The court en banc specifically noted that "because of the deep antagonism between counsel for the plaintiff and counsel for defendant Weiss all through the trial, *it was impossible to get any agreement as to the scope of the recharge.*" (Emphasis added) It is clear to me that the jury's confusion as to the doctrine of contributory fault could well have contributed to its verdicts in favor of the appellants, and thus the granting of a new trial because of the refusal of the trial court to further instruct the jury was within the discretion of the court en banc.