Concurring Opinion by
Packel, J.:
Whether the challenged testimony was admissible as res gestae need not be decided because a new trial was granted without the moving party demonstrating “in what way the trial error caused an incorrect result.” Nebel v. Mauk, 434 Pa. 315, 318, 253 A. 2d 249, 251 (1969). An analysis of the testimony shows that the challenged testimony could not have affected the verdict.
The first part of the challenged statement did relate to a conflict of testimony by two witnesses as to the direction in which the decedent had been walking. That, however, was not material because it was conceded that the decedent had been hit by the truck as it backed up and it made no difference whether the decedent was walking east to west or west to east.
The other part of the statement that he was hurt obviously is uncontroverted. Any contention that the balance of the statement negated contributory negligence is without merit. That issue was not properly before the jury, not only because of the presumption *424 of due care applicable to a decedent, Kmetz v. Lochiatto, 421 Pa. 363, 219 A. 2d 588 (1966), but also because defendant had the burden of proof on that issue and there was no evidence of contributory negligence. Thomas v. Tomay, 413 Pa. 270, 196 A. 2d 740 (1964).