Reilly, Appellant, *v.* Poach, et al.

Argued November 15, 1973. Before WRIGHT, P. J., WATKINS, JACOBS, HOFFMAN, CERCONE, and SPAETH, JJ. (SPAULDING, J., absent.)

Before BROWN, J.

*Saul Davis,* for appellant.

*Cosmos J. Reale,* for appellees.

OPINION BY SPAETH, J., April 3, 1974:

This is an appeal from the refusal of a motion for new trial. The sole issue is whether it was an abuse of discretion for the trial judge to refuse to answer two questions posed by the jury during its deliberations.

The facts have been stipulated. Briefly, the case involves a collision between plaintiff-appellant's motorcycle and defendant-appellee's car. Appellant alleged that the accident was caused because appellee suddenly stopped his car on the highway in order to pick up two pedestrians. Unable to go to the left because of an approaching car or to the right because of the pedestrians, and with insufficient time and distance to stop, appellant hit the rear of appellee's car. Appellee denied that he stopped his car suddenly, denied that it was on the highway, and alleged contributory negligence.

Following a complete charge, both with respect to liability and damages, the jury retired to deliberate at 2:50 p.m. At about 6:15 p.m., the jurors submitted to the judge a slip of paper on which were written two questions:

"1. Is there a law against stopping in the middle of the road?

"2. Define emergency situation—what is considered?"

The judge held a conference in chambers to get the reaction of both counsel. They made suggestions that were slightly different but hardly irreconcilable.[1] The judge, however, decided not to answer the questions: "We believe that both of these questions, while they may be somewhat unrelated, would require the Court in answering the same and [sic] to allude to the facts in this case. While there may be some recent law in this matter that if the Court is asked by the Jury to re-explain matters of law, I do not believe that those decisions give the Court the right to piecemeal and give the Jury further instructions on matters of fact." The judge told the jury to "find the facts and apply the facts to the law as given by the Court," and that he would not answer "these detached questions." Both counsel excepted to the court's action. At 8:40 p.m. the jury returned a verdict for appellee.

The general rule on jurors' questions appears in *Worthington v. Oberhuber*, 419 Pa. 561, 563, 215 A. 2d 621 (1966): "There may be situations in which a trial judge may decline to answer questions put by the jury, but where a jury returns on its own motion indicating confusion, the court has the duty to give such additional instructions on the law as the court may think necessary to clarify the jury's doubt or confusion." In *Nebel v. Mauk*, 434 Pa. 315, 253 A. 2d 249 (1969), this

---

[1] As to Question No. 1: appellant's counsel "fe[lt] . . . that this is not an issue," appellee's "that the answer . . . should be a simple 'no' ". As to Question No. 2: appellant's counsel "believe[d] that the Court can redefine a sudden emergency situation for the Jury in terms of the Plaintiff's points for charge . . . ;" appellee's counsel "ha[d] no objection to the Court's defining the doctrine of sudden emergency so long as the Court completely embraces the various elements of the . . . rule. . . ." The judge's original instruction on the emergency rule was consistent with both of these requests.

statement is qualified. The jury there asked the judge, "If a person is even slightly negligent can he claim damages from another person?" When counsel could not agree on an answer, the court declined to instruct the jury further. A verdict was rendered for the defendant, and the plaintiff's motion for a new trial was granted. This order was reversed on appeal. After citing the rule from *Worthington,* the court added the following: "While the fact that the question was asked would indicate that some confusion existed, a new trial should not be ordered unless it can be shown that the confusion worked to the detriment of the losing party. . . . In order to obtain a new trial the moving party must demonstrate in what way the trial error caused an incorrect result." *Id.* at 318, 253 A. 2d at 251.

In the present case the judge's refusal to answer the first question was not error. As counsel for appellee suggested in the conference in chambers, the correct answer, at least when the question is taken literally, is "no", and that answer could not have helped appellant.

The judge's refusal to answer the second question, however, was error. In a case that involves an overtaking vehicle and in which a sudden stop is alleged, a misunderstanding of the emergency rule could easily cause the jury to apply the wrong standard of care to the driver of the overtaking vehicle.[2]

---

[2] Although in *Nebel* the court spoke of "demonstrat[ing]" that refusal to answer a question "caused" an incorrect result, this language must not be read too literally or out of context. Taken with the statement in *Worthington* of the trial judge's "duty", *Nebel* does not require that there appear more than a substantial possibility of an incorrect result after consideration is given to the particular facts of the case in question, with attention also to the nature of the response required to answer the particular question put to the judge.

As has been stated, the charge of the court was complete, but due to the nature of the issues it was also necessarily rather long. The instructions on the emergency rule occupy less than two pages (half of page 10 and most of page 11) of a 38-page printed transcript of the charge. Each element of the rule was stated only once, with some brief reference to the testimony (with the proper admonition that "[t]hat may not be what you recall. . . ."). It is not surprising that the jury asked that the judge once again "[d]efine emergency situation—what is considered?" Moreover, contrary to the judge's statement, it would not have been necessary to allude to the facts of the case in order to answer the question, nor did the jury ask him to. It would have been sufficient simply to repeat the following portions of the original charge: "The rule is: If you find that the Plaintiff was confronted by a sudden emergency before this accident, which required rapid decision, then this is a factor to be taken into consideration in determining whether his operation of his motorcycle thereafter was reasonable. . . . It means that if a person is met with a sudden emergency, as I said, he is not held to the degree of care that the person would be held to without a sudden emergency. However, I should say to you, that he is not entitled to evoke this doctrine of sudden emergency to relieve him of an error in judgment unless he, himself, at that time was operating his [vehicle] as a reasonably prudent person should. . . ."

The order of the court below is reversed and the case is remanded for a new trial.

WATKINS, P. J., dissents.