Jesse JETER, Appellant,

v.

OWENS–CORNING FIBERGLAS CORP., et al., Appellees.

Theodore LOMAX and Lucy Lomax, h/w, Appellants,

v.

OWENS–CORNING FIBERGLAS CORP., et al., Appellees.

Frederick J. OPDENAKER, Appellant,

v.

OWENS–CORNING FIBERGLAS CORP., et al., Appellees.

Edmund J. GIORDANO and Jean Giordano, Appellants,

v.

OWENS–CORNING FIBERGLAS CORP., et al., Appellees.

Brooks CROPPER and Marion Cropper, h/w, Appellants,

v.

OWENS–CORNING FIBERGLAS CORP., et al., Appellees.

Superior Court of Pennsylvania.

Submitted March 25, 1998.
Filed July 27, 1998.

Richard P. Hackman, Philadelphia, for appellants.

Norman I. Haase, Media, for Pars Mfg. Co., etc., appellees.

Leslie T. Bradley and Bruce Haines, Philadelphia, for UniRoyal, Inc., etc., appellees.

Christopher H. Jones and Tracy M. McDevitt, Philadelphia, for Harrison Walker Refractories, etc., appellees.

Before SCHILLER, J., and CERCONE and CIRILLO, President Judges Emeritus.

SCHILLER, Judge.

Appellants, Jesse Jeter, Theodore and Lucie Lomax, Frederick Opdenaker, Edmund and Jean Giordano, and Brooks and Marian Cropper, appeal from the order entered in the Court of Common Pleas of Philadelphia County denying their post-trial motions for judgment n.o.v. and/or a new trial, and entering judgment in this case in favor of appellees, Owens Corning Fiberglass Corp., and others. We reverse and remand for a new trial.

FACTS:

Appellants brought an action for damages against appellees for injuries caused by exposure to asbestos (i.e., asbestos-related lung disease). The cases were consolidated with several others and tried before a jury; the jury trial was bifurcated so that the jury first heard evidence concerning causation and damages before being presented with the question of liability. During its instructions to the jury, the trial court stated that in order to show causation, a plaintiff must prove by a preponderance of the evidence that his exposure to asbestos constituted a "substantial contributing factor" to the development of an asbestos-related malady. After the jury had deliberated for some time, it requested clarification of the term "substantial contributing factor." In its written request, the jury highlighted the term "substantial" by use of quotation marks. In response to this request, the court decided to give the jury the *Webster's Dictionary* definition for "substantial," which stated: "considerable in quantity; significantly large." Appellants objected, claiming that the definition went beyond what is provided by Pennsylvania law. The court denied appellants' objection, and instructed the jury using the dictionary definition. The jury ultimately returned verdicts in favor of appellees in all five cases. Appellants' post-trial motions were denied, and this appeal followed.

DISCUSSION:

Appellants now raise one issue for our consideration: whether the trial court erred in charging the jury as to the meaning of "substantial contributing factor?"

When reviewing claims that the trial court erred in instructing the jury:

our scope of review is to determine whether the trial court committed a clear abuse of discretion or error of law controlling the outcome of the case. *Williams v. Philadelphia Transportation Company*, 415 Pa. 370, 384, 203 A.2d 665, 667 (1964). Error in a charge is sufficient ground for a new trial, if the charge as a whole is inadequate or not clear or has a tendency to mislead or confuse rather than clarify a material issue. *Gilder [Glider] v. Com. Dept. of Hwys.*, 435 Pa. 140, 151–52, 255 A.2d 542, 547 (1969). A charge will be found adequate unless "the issues are not made clear to the jury or the jury was palpably misled by what the trial judge said." *Voitasefski v. Pittsburgh Rys. Co.*, 363 Pa. 220, 226, 69 A.2d 370, 373 (1949). A reviewing court will not grant a new trial on the ground of inadequacy of the charge unless there is a prejudicial omission of something basic or fundamental. *Sweeney [Sweeny] v. Bonafiglia*, 403 Pa. 217, 221, 169 A.2d 292, 293 (1961); *Giorgianni v. DiSanzo*, 392 Pa. 350, 356, 140 A.2d 802, 805 (1958). In reviewing a trial court's charge to the jury, we must not take the challenged words or passage out of context of the whole of the charge, but must look to the charge in its entirety. *McCay v. Philadelphia Electric Company*, 447 Pa. 490, 499, 291 A.2d 759, 763 (1972).

*Stewart v. Motts*, 539 Pa. 596, 606, 654 A.2d 535, 540 (1995). A trial judge has wide latitude in his/her choice of language when charging the jury, provided that the judge fully and adequately conveys the applicable law. *Wagner v. Anzon*, 453 Pa.Super. 619, 632–34, 684 A.2d 570, 577 (1996), *alloc. denied*, 549 Pa. 704, 700 A.2d 443 (1997).

In this case, the trial court first instructed the jury about "substantial contributing factor" as follows:

In order for the plaintiff to recover in this case, the defendant's product must have been a substantial factor in bringing about the accident. This is what the law recognizes as legal cause. A substantial factor is an actual, real factor, although the result may be unusual or unexpected, but it is not an imaginary or fanciful factor or a factor having no connection or only an insignificant connection with the accident.

The trial court's initial instruction regarding causation properly explained to the jury that the appellants were required to show that they had been injured by asbestos exposure and that such exposure was a substantial contributing factor to their injuries. *See Rafter v. Raymark Industries, Inc.*, 429 Pa.Super. 360, 370–72, 632 A.2d 897, 902 (1993). We note that this instruction tracked the language of the Standard Suggested Jury Instructions, but we wish to emphasize that the fact that this instruction was taken from those standard suggested instructions is not dispositive of whether it was correct; for, as recently reiterated by the Supreme Court, "this court has never adopted the Pennsylvania Suggested Standard Jury Instructions, which exist only as a reference material available to assist the trial judge and trial counsel in preparing a proper charge." *Commonwealth v. Smith*, 548 Pa. 65, 80 n. 11, 694 A.2d 1086, 1094 n. 11 (1997).

■ During deliberations, the jurors reached an impasse and they sought further instruction. The following exchange then occurred between the trial court and the jury foreperson:

> THE COURT: Now, we need a clarification on the term substantial, you have that in quotes, factor. Is it the meaning of the word that you are confused about? Who is the foreperson?
>
> THE FOREPERSON: I am. I guess so, yes, the meaning. The meaning of how it pertains to this case.
>
> THE COURT: Well, I looked in the dictionary, in Webster's Dictionary, and I don't

know if this will help you. It says substantial: Considerable in quantity, significantly large. Does that help you?

> THE FOREPERSON: Yes.

N.T. June 14, 1996, pp. 2–3.[1] As noted above, the jury ultimately returned a verdict for the appellees in all five cases at issue.

On this appeal, appellants do not challenge the court's initial instruction to this jury, merely the reinstruction. In order to obtain a new trial based on the trial court's treatment of a jury's question, the moving party must demonstrate in what way the trial error caused an incorrect result. *Nebel v. Mauk*, 434 Pa. 315, 253 A.2d 249 (1969). Appellants argue that the trial error resulted in the jury applying a higher, more stringent standard to their cases, and consequently denied them their right to have the jury consider their cases under the correct legal standard. We are compelled to agree.

The "substantial factor" test for determining proximate cause was incorporated into the Restatement (Second) of Torts, § 431 (1965), which in turn has been adopted in Pennsylvania.[2] *See Ford v. Jeffries*, 474 Pa. 588, 379 A.2d 111 (1977). In *Ford*, the Pennsylvania Supreme Court cited with approval the comments to § 431 of the Restatement which defined "substantial factor" as "conduct [that] has such an effect in producing the harm as to lead reasonable men to regard it as a cause, using that word in the popular sense ..." Restatement, *supra*, at § 431, comment a. *See Ford, supra*, at 595, 379 A.2d at 114. Nowhere in that definition is there a quantification of causation such as was implied by the trial court when it instructed the jury that the defendants action must have been "considerable" or "significantly large."

■ Under the law of Pennsylvania, a cause can be found to be substantial so long as it is significant or recognizable; it need not be quantified as considerable or large.

---

1. We note that the transcript containing this exchange was not included in the official record submitted to this Court. However, the parties do not dispute what the trial court told the jury.

2. The "substantial factor" test was originally proposed by Jeremiah Smith in a law review article published in 1911. Smith, "Legal Cause in Actions of Tort," 25 Harv. L.Rev. 103 (1911). *See Prosser & Keaton on Torts*, § 42, p. 278 (5th ed.1984).

These latter terms imply a percentage threshold that a plaintiff must surmount before a jury will be permitted to rule in his favor; however, our courts have never required such an approach. In fact, defendants have been found to have been negligent, and their negligence to be a substantial factor in the plaintiff's harm, even though their negligence was relatively minor vis-a-vis other defendants, or the plaintiff. *See Haines v. Raven Arms*, 536 Pa. 452, 640 A.2d 367 (1994) (defendant was 5% responsible for harm); *Butterfield v. Giuntoli*, 448 Pa.Super. 1, 670 A.2d 646 (1995), *alloc. denied*, 546 Pa. 635, 683 A.2d 875 (1996) (2% and 3% liability); *Boring v. LaMarca*, 435 Pa.Super. 487, 646 A.2d 1199, *alloc. denied*, 539 Pa. 673, 652 A.2d 1319 (1994) (4% and 10% liability).[3] In essence, as recognized in the cases, "substantial" in the "substantial factor" test means "significant." *Accord Wagner*, *supra* at 632–34, 684 A.2d at 577 (trial court properly instructed jury that defendant could be liable if its action was not the sole cause of the plaintiffs' injuries, but not if defendant's negligent act was an insignificant factor of those injuries). In *Ford, supra*, the Supreme Court stated, "[u]nder the Restatement approach the issue is whether the defendant's conduct was, on the one hand, a 'substantial factor' or a 'substantial cause' or, on the other hand, whether the defendant's conduct was an 'insignificant cause' or a 'negligible cause.'" *Ford, supra*, at 594, 379 A.2d at 114. In *Jones v. Montefiore Hospital*, 494 Pa. 410, 431 A.2d 920 (1981), the Supreme Court added:

> Pennsylvania law has long recognized that this *substantial factor* need not be, as the trial court incorrectly charged, the only factor, i.e. *"that cause* which ... produces the result." *Gradel v. Inouye*, 491 Pa. 534, 542, 421 A.2d 674, 678 (1980); *Hamil v. Bashline*, 481 Pa. at 266, 392 A.2d at 285

[1285]; *Majors v. Brodhead Hotel*, 416 Pa. 265, 273, 205 A.2d 873, 878 (1965). A plaintiff need not exclude every possible explanation and "the fact that some other cause concurs with the negligence of the defendant in producing an injury does not relieve defendant from liability unless he can show that such other cause would have produced the injury independently of his negligence." *Majors v. Brodhead Hotel*, 416 Pa. at 273, 205 A.2d at 878.

*Id.* at 416, 431 A.2d at 923. In addition, § 432 of the Restatement clarifies "substantial factor" as follows: "the actor's negligent conduct is not a substantial factor in bringing about harm to another if the harm would have been sustained even if the actor had not been negligent." Restatement, *supra*, at § 432(1). *See also Hamil v. Bashline*, 481 Pa. 256, 392 A.2d 1280 (1978). Furthermore, § 433 of the Restatement sets forth several factors to consider in determining whether the actor's conduct is a substantial factor in bringing about harm to another:

> (a) the number of other factors which contribute in producing the harm and the extent of the effect which they have in producing it;
>
> (b) whether the actor's conduct has created a force or series of forces which are in continuous and active operation up to the time of the harm, or has created a situation harmless unless acted upon by other forces for which the actor is not responsible;
>
> (c) lapse of time.

Restatement, *supra*, at § 433. *Accord Vattimo v. Lower Bucks Hospital*, 502 Pa. 241, 465 A.2d 1231 (1983). Absent from all of these definitions is a requirement that a cause be "considerable in quantity" in order to count as a "substantial factor."[4]

---

3. Thus, the use of quantitative terms to define "substantial factor" confuses the issue of whether a defendant was legally negligent with the separate issue under the law of comparative negligence of whether the plaintiff's negligence is outweighed by the defendant(s)' negligence and the apportionment of liability among multiple defendants. *See* 42 Pa.C.S. § 7102; *Christiansen v. Silfies*, 446 Pa.Super. 464, 667 A.2d 396 (1995), *alloc. denied*, 546 Pa. 674, 686 A.2d 1307 (1996).

4. Appellees counter that this Court has previously upheld the use of a dictionary as a means to clarify terms upon which a jury has become confused. In *Commonwealth v. Hood*, 392 Pa.Super. 388, 572 A.2d 1287 (1990), this Court upheld the trial court's instruction concerning the word "employ" as that word is used in Pennsylvania's Dental Law, 63 P.S. § 129(e), when the court recited to the jury the definition of "employ" contained in *Webster's Dictionary*. *See also Commonwealth v. Funke*, 306 Pa.Super. 542,

Therefore, we are compelled to conclude that in this case, the use of the dictionary definition of "substantial" to define "substantial factor" clearly placed upon plaintiffs a greater burden than the law required.[5] Accordingly, the trial court erred in instructing the jury, and appellants are entitled to a new trial.

CONCLUSION:

The trial court erred in instructing the jury, and such error had the effect of placing a higher burden of proof upon the plaintiffs than the law required.

Consequently, the order entered by the Court of Common Pleas of Philadelphia County is reversed, and these cases are remanded to that court for a new trial. Jurisdiction relinquished.

CIRILLO, President Judge Emeritus, files a dissenting opinion.

CIRILLO, President Judge Emeritus, dissenting:

I cannot agree that the trial judge's use of the dictionary definition of "substantial" to define "substantial factor" placed upon appellants a greater burden than that required by Pennsylvania law. I, therefore, respectfully dissent.

The general rule on jurors' questions appears in *Worthington v. Oberhuber*, 419 Pa. 561, 215 A.2d 621 (1966):

There may be situations in which a trial judge may decline to answer questions put by the jury, but where a jury returns on its own motions indicating confusion, the court has the duty to give such additional instructions on the law as the court may think necessary to clarify the jury's doubt or confusion.

*Id.* at 563, 215 A.2d at 621. *Accord: Scarborough by Scarborough v. Lewis*, 359 Pa.Super. 57, 69–71, 518 A.2d 563, 570 (1986), *rev'd on other grounds*, 523 Pa. 30, 565 A.2d 122 (1989); *Smick v. City of Philadelphia*, 161 Pa. Commw. 622, 630–32, 638 A.2d 287, 291 (1994). When a jury's confusion is disclosed, the trial judge must have discretion in determining how best to resolve the confusion. *Scarborough*, 359 Pa.Super. at 69–73, 518 A.2d at 570–71. *See Smick*, 161 Pa. Commw. at 630–32, 638 A.2d at 291 ("[t]his rule commits to the sound discretion of the trial judge the scope of such additional instructions as he or she decides to give to a jury that has expressed confusion.").

In order to obtain a new trial based on the trial court's treatment of the jury's question, the moving party must demonstrate in what way the trial error caused an incorrect result. *Nebel v. Mauk*, 434 Pa. 315, 253 A.2d 249 (1969). To carry its burden of showing a causal connection between the error and the result, the moving party must show at least a *"substantial possibility* of an incorrect result after consideration is given to the particular facts of the case in question, with attention also to the nature of the response required to answer the particular question put to the judge." *Reilly v. Poach*, 227 Pa.Super. 522, 525 at Note 2, 323 A.2d 50, 52 at Note 2 (1974) (emphasis supplied).

---

452 A.2d 857 (1982) (this Court upheld the trial court's use of a dictionary to define the term "processing," as it is used in 35 P.S. § 780–102). However, in so holding, the *Hood* Court explicitly noted that the term "employ" was not a technical term, and therefore under the Statutory Construction Act, 1 Pa.C.S. § 1901 *et. seq.*, ordinary words must be construed according to its common and approved usage. The corollary of that rule, as recognized under the Statutory Construction Act, is that "technical words and phrases and such others as have acquired a peculiar and appropriate meaning ... shall be construed according to such peculiar and appropriate meaning or definition." 1 Pa.C.S. § 1903(a). *Accord McGinness v. Unemployment Compensation Bd. of Rev.*, 177 Pa.Super. 104, 107–09, 110 A.2d 918, 920 (1955) ("Words having a precise

and well-settled legal meaning must be given that meaning.") (citation omitted). As explained in the text, the term "substantial," when used in the "substantial factor" test, has developed a particular meaning in the law that is noticeably different from its common, dictionary understanding. In summary, while a trial court may use a dictionary to clarify the meaning of ordinary words used in its jury instructions, such use is impermissible where the word or phrase in question, such as "substantial factor," has a particular technical or legal meaning as established by statute or case law.

5. "The important thing about any word is how you understand it." Publilius Syrus: *Maxims.*

*Scarborough*, 359 Pa.Super. at 71, 518 A.2d at 570. *See Reilly*, 227 Pa.Super. at 522–26, 323 A.2d at 51–52 ("[w]hile the fact that the question was asked would indicate that some confusion existed, a new trial should not be ordered unless it can be shown that the confusion worked to the detriment of the losing party[;][i]n order to obtain a new trial the moving party must demonstrate in what way the trial error caused an incorrect result.").

Appellants claim that in defining the term "substantial" as "considerable in quantity, significantly large," the trial court strayed significantly from the standard jury instruction and held the appellants to a higher burden of proof, thereby causing an incorrect result. I disagree.

The appellants' argument falls far short of showing the requisite "substantial possibility of an incorrect result." *Scarborough*, 359 Pa.Super. at 71, 518 A.2d at 570. It is undisputed that our supreme court has never adopted the Pennsylvania Suggested Standard Jury Instructions, *Commonwealth v. Smith*, 548 Pa. 65, 80 n. 11, 694 A.2d 1086, 1094 n. 11 (1997); however, the trial court's standard instruction has not been directly called into question. Rather, I am not convinced that the trial judge improperly deviated from its original instruction in citing the dictionary definition when asked to *clarify* the term "substantial." To the contrary, the judge was well within his discretion to explain the term using its common meaning after the jury expressed confusion with the original charge. *Scarborough*, *supra*; *Smick*, *supra*.

As the majority correctly points out, the Pennsylvania Supreme Court in *Ford v. Jeffries*, 474 Pa. 588, 379 A.2d 111 (1977), cited with approval the comments to section 431 of the Restatement. Specifically, comment (a) states in part: "The word '*substantial*' is used to denote the fact that the ... conduct has such an [e]ffect in producing the harm as to lead reasonable men to regard it as a *cause*, using that word *in the popular sense* ..." *Ford*, 474 Pa. at 595, 379 A.2d at 114 (emphasis added). *See Rafter v. Raymark*, 429 Pa.Super. 360, 370–72, 632 A.2d 897, 902 (1993) (the substantial factor analysis is the legal causation test for asbestos actions; a claimant must show that they had been injured by asbestos exposure and the exposure was a substantial contributing factor in their injuries). While there is no mention of the terms "significantly large" or "considerable" found in the Restatement comment, such terms, under a "reasonable man" standard, are not a significant departure from "substantial factor" or "cause," especially when used in the "popular sense" (e.g., a dictionary definition). *Ford*, *supra*. As referenced in the standard suggested jury instructions, "substantial" in the "substantial factor" test means "significant." *See Wagner v. Anzon*, 453 Pa.Super. 619, 632–34, 684 A.2d 570, 577 (1996). Here, the trial judge utilized the term "significant" in his clarification instruction. Thus, I cannot agree with the conclusion that the terms "*significantly* large" or "considerable" imposed a higher burden of proof on appellants to the extent that the dictionary definition caused an incorrect result to be rendered in this case. *Scarborough*, *supra*.

In fact, our appellate courts have, in analogous situations (albeit in the criminal context), acknowledged the use of dictionary definitions for purposes of clarification. In *Commonwealth v. Hood*, 392 Pa.Super. 388, 572 A.2d 1287 (1990), a fine was imposed upon appellant for violating Pennsylvania's Dental Law. 63 Pa.C.S.A. § 129(e). Appellant argued that the court's jury charge concerning the meaning of the word "employ," found in section 129(e), was erroneous because it was based upon the *Webster's Dictionary* definition. Noting that non-technical terms must be given their common and approved usage, this court determined that the dictionary definition of "employ" was an adequate and fair summary of the term and was sufficient to properly guide the jury in its deliberations. *See Commonwealth v. Funke*, 306 Pa.Super. 542, 452 A.2d 857 (1982) (the trial court did not err in its instructions to the jury when it defined the term "processing," as found in 35 P.S. § 780–102, by reading the dictionary meaning of the word; it is the trial judge's duty to clarify issues and make principles understandable in plain language and, therefore, it was not error to define the term in the common dictionary

sense). *See also Takes v. Metropolitan Edison Co.*, 440 Pa.Super. 101, 655 A.2d 138 (1995), *rev'd in part on other grounds*, 548 Pa. 92, 695 A.2d 397 (1997) ("pattern instructions can be incomprehensible to the lay juror, and judges should make an effort to explain the law in plain English."). The trial judge in the instant case was clearly permitted to supplement the wording of the standard instruction with a dictionary definition where, as here, the standard instruction created confusion for the jury. The supplemental definition provided by the trial court was a permissible exercise of judicial discretion and was not so far removed from the original instruction so as to cause an incorrect result. *Scarborough, supra.*