**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| CHANDRA MCWHORTER | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| GREENWOOD GAMING AND ENTERTAINMENT, INC. D/B/A PARX CASINO | |
| Appellant | No. 860 EDA 2015 |

Appeal from the Order February 27, 2015
In the Court of Common Pleas of Bucks County
Civil Division at No(s): No. 2012-07571

BEFORE:  MUNDY, J., JENKINS, J., and FITZGERALD, J.[*]

MEMORANDUM BY MUNDY, J.:                    **FILED JANUARY 20, 2016**

Appellant, Greenwood Gaming and Entertainment, Inc., d/b/a Parx Casino (Parx Casino), appeals from the February 27, 2015 order denying its post-verdict motions, following the entry of a jury verdict in favor of Appellee, Chandra McWhorter, in her personal injury action, which stemmed from her March 7, 2010 fall from a defective chair while at Parx Casino.[1] After careful consideration, we affirm.

---

[*] Former Justice specially assigned to the Superior Court.

[1] We note that Parx Casino's notice of appeal, having been filed before the entry of judgment, is premature. **Ruffing v. 84 Lumber Co.**, 600 A.2d 545, n.2 (Pa. Super. 1991); **See** Pa.R.A.P. 301.  As such, it is subject to quashal. **Dennis v. Smith**, 431 A.2d 350, 350-351 (Pa. Super. 1981). However, in the interest of judicial economy and fairness, this Court has

*(Footnote Continued Next Page)*

From the certified record, we summarize the procedural history of this case as follows. Appellee commenced the instant action by filing a complaint in Philadelphia County on July 1, 2011. The case was subsequently transferred to the Bucks County Court of Common Pleas on August 23, 2012. Following completion of discovery, the matter proceeded to arbitration pursuant to Bucks County Local Rules 1301-1308. The Arbitrators returned an award in favor of Appellee for $40,000.00 on September 23, 2014. Parx Casino appealed, and the matter proceeded to a *de novo* jury trial. On January 20, 2015, Parx Casino filed a motion *in limine* seeking to preclude any evidence of the recent deaths by homicide of Appellee's two daughters and any evidence of medical treatment Appellee received dealing with the impact those deaths had on her. Prior to trial, the trial court denied the motion in part, permitting evidence that Appellee's daughters had recently died, but granting the motion in all other respects.

The case was tried on February 4, 2015. The trial court summarized the facts adduced at trial as follows.

> Following her backwards fall from a mounted chair at a slot machine, [Appellee] filed a Complaint against [Parx Casino] sounding in negligence. The

---

*(Footnote Continued)*

held, "there are some instances wherein a party has failed to enter judgment and our appellate courts may regard as done that which ought to have been done." **Fanning v. Davne**, 795 A.2d 388, 392, (Pa. Super. 2002), *appeal denied*, 825 A.2d 1261 (Pa. 2003). In light of **Fanning**, we will deem judgment to have been properly entered as of March 11, 2015 and proceed to decide the instant appeal.

Complaint asserted that [Parx Casino] had knowledge of the chair's defective condition, yet allowed it to remain on the casino floor. The Complaint alleged that on March 7, 2010, while [Appellee] sat and played a slot machine, the loose, broken, or otherwise defective chair in which she was seated caused her to fall backwards and sustain injuries to her neck, back and right side. [Appellee] testified as follows:

> "...when I went to sit down, the chair moved. The back swiveled and it was throwing me back. And I was trying to hold myself from falling. And-but I mean I was on the floor...When I fell and I hit the ground, I hit my head, and I fell on my right side. And I just had pains running down. I hit my knee and my ankle. And it was a really hard fall... The ambulance came. I was crying because I was hurting on my right side. And they put me on a stretcher, they put the neck brace around my neck, and took me to Frankford Hospital"
> (N.T. 2/3/15, pp. 41 -43).

[Appellee's] friend, Cynthia Prescod (hereinafter "Ms. Prescod "), who was seated next to the chair from which [Appellee] fell, testified about [Appellee's] fall. Ms. Prescod testified that "...the back of the chair went back. She fell out." (N.T. 2/4/15, p. 12). Ms. Prescod also testified that another casino patron who saw Appellee fall first got the attention of a Parx security guard and that when

> "...he [the security guard] looked at the chair, he shook the chair, and he's like, 'why is this F'ing chair on this floor? Why is this F'ing chair on this floor ?' Because the back of the chair, like this back of the chair, was going back this way (indicating). And the bottom of the chair was shaking from the floor." (N.T. 2/4/15, p. 15).

The jury also heard testimony from two members of [Parx Casino's] security force who were

involved with [Appellee] on the day of the accident, and from two (2) doctors who treated [Appellee] after the accident.

On February 12, 2015, [Parx Casino] filed its Motion for Post -Trial Relief, which this Court denied in all respects on February 27, 2015. On March 24, 2015, [Parx Casino] filed its timely Notice of Appeal to the Superior Court of Pennsylvania from our February 27, 2015 Order.

Trial Court Opinion, 6/8/15, at 1-2.

The jury returned a verdict in favor of Appellee in the amount of $108,736.00. The jury attributed 88% of the causal negligence to Parx Casino and the remaining 12% to Appellee. Consequently, on February 9, 2015, the trial court molded the verdict to $95,687.68 to reflect the jury's apportionment. Parx Casino filed post-verdict motions on February 12, 2015, seeking a new trial based on perceived errors by the trial court relative to the issues now presented on appeal. The trial court denied the motions by order filed on March 4, 2015. On March 11, 2015, the trial court again molded the verdict to $106,005.34, in response to Appellee's February 11, 2015 petition for delay damages. Parx Casino filed a notice of appeal on March 24, 2015.[2]

On appeal, Parx Casino raises the following issues for our review.

1) Did the [trial c]ourt err in denying the Motion *in Limine* of [Parx Casino] to Preclude Any Evidence, Testimony, or Reference to the Death or

---

[2] Appellant and the trial court have complied with Pennsylvania Rule of Appellate Procedure 1925.

- 4 -

Murder of [Appellee's] Daughters, the Impact of the Murders on [Appellee] and permit[ting] Appellee[] to introduce evidence of her daughters' deaths and evidence concerning the treatment that was rendered to her as a result of the deaths, where such evidence was irrelevant to the claims [Appellee] presented against [Parx Casino], and/or where the probative value of the evidence was outweighed by the danger of unfair prejudice it presented to [Parx Casino]?

2)    Did the [trial c]ourt err by overruling [Parx Casino's] objections to the [trial c]ourt's instruction to the jury that it could award damages for future pain and suffering and proceeding to provide that charge to the jury, where [Appellee] submitted no evidence that [Appellee] would suffer such damages in the future as a result of the alleged accident?

3)    Did the [trial c]ourt err by overruling [Parx Casino's] objections to the [trial c]ourt's instruction to the jury that it could award damages for embarrassment and/or humiliation and proceeding to provide that charge to the jury, where [Appellee] submitted no evidence that [Appellee] would suffer such damages in the future as a result of the alleged accident?

Parx Casino's Brief at 4.

Parx Casino's challenges involve the trial court's denial of its post-verdict motions for a new trial on three grounds. Parx Casino's Brief at 24.

In reviewing a trial court's denial of a motion for a new trial, the standard of review for an appellate court is as follows:

[I]t is well-established law that, absent a clear abuse of discretion by the trial court, appellate courts must not interfere with the trial court's authority to grant or deny a new trial.

- 5 -

\* \* \*

>> Thus, when analyzing a decision by a trial court to grant or deny a new trial, the proper standard of review, ultimately, is whether the trial court abused its discretion.

>> Moreover, our review must be tailored to a well-settled, two-part analysis:

>>> We must review the court's alleged mistake and determine whether the court erred and, if so, whether the error resulted in prejudice necessitating a new trial. If the alleged mistake concerned an error of law, we will scrutinize for legal error. Once we determine whether an error occurred, we must then determine whether the trial court abused its discretion in ruling on the request for a new trial.

>> *ACE Am. Ins. Co. v. Underwriters at Lloyds and Cos.*, 939 A.2d 935, 939 (Pa. Super. 2007) (citations omitted), *affirmed*, 601 Pa. 95, 971 A.2d 1121 (2009).

*Czimmer v. Janssen Pharmaceuticals, Inc.*, 122 A.3d 1043, 1051 (Pa. Super. 2015).

Parx Casino first asserts the trial court erred by partially denying its motion *in limine* to exclude any evidence of the fact that Appellee's two daughters had been murdered a short time before her fall at the Parx Casino. Parx Casino's Brief at 15. Parx Casino specifically asserts, the "[e]vents and circumstances that happened to [Appellee] prior to suit -no matter how tragic- did not make the existence of any fact in the case more or less probable than they would have been without the evidence." *Id.* at

- 6 -

17, *citing* Pa.R.E. 401. In the alternative, Parx Casino argues the information was unduly prejudicial. *Id.*

> Here, the danger of unfair prejudice to [Parx Casino] was significant. Permitting any evidence of the deaths of [Appellee's] daughters to be introduced would have caused the jury to feel sympathetic toward [Appellee]. Moreover, introduction of such evidence stood to confuse or mislead the jury into believing that the deaths had any impact on [Appellee's] alleged fall inside the casino or caused it to occur in any way.

*Id.* at 18. "[T]he trial court erred by failing to properly balance these factors and excluding the evidence of the deaths during trial." *Id.* at 17.

We address this issue mindful of the following additional standards.

> A motion *in limine* is used before trial to obtain a ruling on the admissibility of evidence. It gives the trial judge the opportunity to weigh potentially prejudicial and harmful evidence before the trial occurs, thus preventing the evidence from ever reaching the jury. A trial court's decision to grant or deny a motion *in limine* is subject to an evidentiary abuse of discretion standard of review.

*Parr v. Ford Motor Co.*, 109 A.3d 682, 690 (Pa. Super. 2014) (*en banc*) (internal quotation marks and citations omitted), *appeal denied*, 123 A.3d 331 (Pa. 2015), *cert. denied*, ---U.S.---, (2015) 2015 WL 6001619.

> Admission of evidence rests within the trial court's discretion, and we will reverse only if we find an abuse of discretion. Thus our standard of review is very narrow[.] To constitute reversible error, an evidentiary ruling must not only be erroneous, but also harmful or prejudicial to the complaining party.

*Ely v. Susquehanna Aquacultures, Inc.*, ---A.3d---, 2015 WL 7571961,

at *10 (Pa. Super. 2015) (internal quotation marks and citations omitted).

> Admissibility depends on relevance and probative value. Evidence is relevant if it logically tends to establish a material fact in the case, tends to make a fact at issue more or less probable or supports a reasonable inference or presumption regarding a material fact. Evidence, even if relevant, may be excluded if its probative value is outweighed by the potential prejudice. 'Unfair prejudice' supporting exclusion of relevant evidence means a tendency to suggest decision on an improper basis or divert the jury's attention away from its duty of weighing the evidence impartially. The function of the trial court is to balance the alleged prejudicial effect of the evidence against its probative value and it is not for an appellate court to usurp that function.

*Klein v. Aronchick*, 85 A.3d 487, 498 (Pa. Super. 2014) (internal quotation

marks and citations omitted), *appeal denied*, 104 A.3d 5 (Pa. 2014).

As noted, the trial court granted Parx Casino's motion *in limine* in

substantial part. **See** Trial Court Opinion, 6/8/15, at 6. The trial court

explained the limited purpose for which it allowed evidence of the fact

Appellee's daughters had died to come in.

> [The trial court's] rulings here were narrowly tailored to provide the jury with probative context as to [Appellee's] circumstances of being out with friends for recreation for the first time in several months, since losing her daughters, and gave the jury context as to why [Appellee] was raising her then infant granddaughter on her own, and how her accident-related injuries sustained in the March 7, 2010 fall affected her ability to do so. [The trial court] crafted and enforced strict parameters to ensure no testimony or evidence was unduly prejudicial.

*Id.* at 7.

We discern no abuse of discretion by the trial court. The mention of her daughters' deaths in the testimony was brief and within the limited confines permitted by the trial court. Appellee's direct examination testimony in this regard consisted of the following.

> Q. Now, the panel heard, the jury hears, that this accident, this incident on March 7th, took place late at night, or early in the morning, about 4:30 in the morning. Is that correct?
>
> A. Yes. Yes, it did. I had lost my -- I lost my two daughters, and I was always staying in the house. I wouldn't go anywhere. And that's when my ex-supervisor and my sister told me I need to get out of the house.
>
> Q. Are you all right?
>
> A. Because I was very depressed. And I wouldn't never come outside. Because I lost my daughters.
>
> Q. Okay. And this was the first night that you were able to come out. They took you out.
>
> A. Uh -huh. Yes.
>
> …
>
> Q. And the panel saw – the jury saw now that you have a walker. That has nothing to do with this.
>
> A. No, it doesn't. This doesn't have – I developed vertigo, and I'm a medical alert because I walk now and I fall. And it's due to the stress that I was going through from my daughters.

N.T., 2/3/15, at 53-54.

> Q. Now, at the time you had -- you were taking care of your granddaughter?
>
> A. Yes.
>
> Q. In 2010?
>
> A. Yes.
>
> Q. And it was -- you now are her mother? …
>
> A. Yes, I'm her -- yes.

*Id.* at 55.

On cross-examination, defense counsel elicited the following.

> Q. Okay. … I asked you some questions about whether you'd ever been to Parx before the date of the accident.
>
> A. I didn't go -- I haven't been to Parx – I didn't go to Parx until March. I didn't go around January and before that, like -- after the tragedy I had with my daughters.

*Id.* at 64.

Cynthia Prescod, who was a friend of Appellee and a witness to her fall, testified on direct examination as follows.

> Q. Okay. Now, Ms. Prescod, let me draw your attention back to March of 2010. Could you tell the panel, tell the jury, what happened that day?
>
> A. Well, that night, actually, March 2010, I knew Chandra a while back and I knew she had lost her daughters, and I knew she was like depressed and didn't want to go out, didn't want to hang out

> with her friends, so I had called her up and I told her I was going to take her out.

N.T., 2/4/15, at 8.

We conclude the trial court properly weighed the legitimate probative value of the fact of the death of Appellee's daughters, which gave context to her visit to the casino and explained her primary caregiving role to her grandchild, with any prejudicial influence that the evidence might derive. We will not usurp the trial court's function. **See Klein**, **supra**.

In its remaining two issues, Parx Casino challenges certain instructions the trial court gave to the jury. Parx Casino's Brief at 19, 22.

> Our standard of review regarding jury instructions is limited to determining whether the trial court committed a clear abuse of discretion or error of law which controlled the outcome of the case. Error in a charge occurs when the charge as a whole is inadequate or not clear or has a tendency to mislead or confuse rather than clarify a material issue. Conversely, a jury instruction will be upheld if it accurately reflects the law and is sufficient to guide the jury in its deliberations.
>
> > The proper test is not whether certain portions or isolated excerpts taken out of context appear erroneous. We look to the charge in its entirety, against the background of the evidence in the particular case, to determine whether or not error was committed and whether that error was prejudicial to the complaining party.
> >
> > In other words, there is no right to have any particular form of instruction given; it is

- 11 -

> enough that the charge clearly and accurately explains the relevant law.
>
> > *Krepps v. Snyder*, 112 A.3d 1246, 1256 (Pa. Super. 2015) (citations and internal quotation marks omitted). Further, "to obtain a new trial based on the trial court's treatment of a jury's question, the moving party must demonstrate in what way the trial error caused an incorrect result." *Jeter v. Owens–Corning Fiberglas Corp.*, 716 A.2d 633, 636 (Pa. Super. 1998) (citation omitted).

*Czimmer*, *supra* at 1052.

> > Pennsylvania law makes clear that the court is bound to charge the jury only on the law applicable to the factual parameters of a particular case and that it may not instruct the jury on inapplicable legal issues. Consequently, where the record [evidence fails] to satisfy the elements of a particular legal doctrine, the court may not discuss that doctrine in its charge.

*MacNutt v. Temple University Hosp., Inc.*, 932 A.2d 980, 991 (Pa. Super. 2007) (internal quotation marks and citations omitted), *appeal denied*, 940 A.2d 365 (Pa. 2007). "[An] appellant must make a timely and specific objection to a jury instruction to preserve for review a claim that the jury charge was legally or factually flawed." *McManamon v. Washko*, 906 A.2d 1259, 1282, (Pa. Super. 2006) (citation omitted), *appeal denied*, 921 A.2d 497 (Pa. 2007).[3]

Parx Casino first claims the trial court's instruction to the jury that they could find damages for future non-economic loss was erroneous

---

[3] Appellant preserved its challenges to the trial court's instructions with timely objections at trial. N.T., 2/4/15, at 78, 81, 84-85.

because "[Appellee] did not present any evidence that she stands to suffer pain in the future, or that she will need any medical treatment in the future from injuries relating to this alleged accident. Nor did [McWhorter] submit any testimony from a physician or otherwise to suggest that she will require future medical care or that any pain and/or suffering will be likely to occur in the future." Parx Casino's Brief at 20.

The trial court determined there was sufficient evidence presented at trial to require the charge to the jury on future non-economic damages. Trial Court Opinion, 6/8/15, at 20.

> The above-noted pain and suffering testimony, referencing continuing pain, discomfort, and other symptoms experienced by [Appellee] nearly five (5) years post-accident, clearly indicated that the jury could reasonably infer that [Appellee] would continue to suffer such non-economic damages in the future.[4]

---

[4] Additionally, we note that [Appellee's] treating physician, Dr. Paul Steinfield, testified that he concluded after examining [Appellee] multiple times after the accident of March 7, 2010 that she suffered from chronic pain which did not respond to treatment. The testimony of [Appellee's] second treating physician, Dr. Bruce Lizerbram, was to the same effect.

Trial Court Opinion, 6/8/15, at 10.

Our review of the record leads us to conclude there was sufficient testimony about Appellee's lingering and chronic effects from the accident to justify the trial court to give a charge on future non-economic damages. It

was for the jury to determine if that evidence was credible and if any such damages should be awarded. **See** Pa.R.C.P. 223.3 (prescribing the charge to be given when non-economic damages are at issue in a case for personal injury). We note Parx Casino does not claim that the trial court's instruction was legally inaccurate or misleading. Rather, Parx Casino suggests the instruction somehow invited the jury to award future non-economic damages based on sympathy, revisiting its first argument. Parx Casino's Brief at 21. We reject the contention. Viewing the trial court's instructions as a whole, we conclude they were legally correct and did not serve to confuse, distract, or mislead the jury. **See Czimmer**, **supra** at 1052.

In its final issue, Parx Casino makes a similar claim that the trial court's instruction regarding damages for embarrassment and humiliation was unwarranted based on the facts presented at trial. Parx Casino's Brief at 22. "Absent any testimony from [Appellee] that she felt embarrassed or humiliated following the accident, the jury had no evidence upon which to base an award for [embarrassment and humiliation]." **Id.** Embarrassment and humiliation are potential components of non-economic damages. **Giordano v. A.C. & S. Inc.**, 666 A.2d 710, 713 (Pa. Super. 1995), *appeal denied*, 674 A.2d 1072 (Pa. 1996); **see also** Pa.R.C.P. 223.3. The trial court cites testimony relating the circumstances surrounding the fall in a public place during which some witnesses were laughing. Trial Court Opinion, 6/8/15, at 10, *citing*, N.T., 2/3/15, at 42, 71; N.T., 2/4/15, at 13.

> We found that the [] testimony undeniably warranted a jury instruction regarding embarrassment and humiliation. Additionally, we found [Appellee's] testimony as to residual pains and struggles to, at the very least, infer that she would experience continuing embarrassment and/or humiliation in the future. Certainly as a matter of inferential and even deductive logic, the jury was entitled to so find.

*Id.* at 10-11 (footnote omitted). We discern no abuse of discretion. The evidence was sufficient to place the issue of Appellee's embarrassment and humiliation before the jury. ***See Giordano***, ***supra*** (holding a jury charge for damages from plaintiff's embarrassment and humiliation was proper where plaintiff's injuries from asbestos exposure "prevented them from socializing and forced family and friends to take over tasks they used to do").

For the reasons expounded above, we conclude the trial court did not abuse its discretion in permitting a limited reference to the death of Appellee's daughters or by over-ruling Parx Casino's objections to its charge on non-economic damages. Consequently, we conclude the trial court did not err or abuse its discretion in denying Parx Casino's post-verdict motions. We therefore affirm the trial court's February 27, 2015 order.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>1/20/2016</u>