J-S50018-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BRANDON L. CRAWFORD | : | |
| | : | |
| Appellant | : | No. 1830 WDA 2017 |

Appeal from the Order Entered November 1, 2017
In the Court of Common Pleas of Westmoreland County
Criminal Division at No(s):  CP-65-CR-0005705-2016

BEFORE:  BOWES, J., OTT, J., and KUNSELMAN, J.

MEMORANDUM BY OTT, J.:                    **FILED OCTOBER 16, 2018**

Brandon L. Crawford appeals from the judgment of sentence imposed on November 1, 2017, in the Court of Common Pleas of Westmoreland County, upon being found guilty by a jury of delivery of a non-controlled substance, 35 P.S. § 780-113(a)(35).  Crawford was sentenced to a term of 27 – 54 months' incarceration.  In this timely appeal, Crawford argues the trial court erred in failing to instruct the jury as to the affirmative defense of entrapment. After a thorough review of the submissions by the parties, relevant law, and the certified record, we affirm.

We quote the trial court for a recitation of the facts underlying this appeal.

> A criminal trial was held in this matter from August 9, 2017 to August 10, 2017.  [Crawford] was accused of selling a police informant, Charles Brant, a non-controlled substance during a controlled buy arranged by Officer Garrett McNamara and

Detective Toni Marcocci. According to the evidence presented by the Commonwealth, Mr. Brant contacted [Crawford] by telephone and requested sixty dollars' worth of cocaine. The controlled buy was then arranged and conducted at an address known to be [Crawford's] address. The arrangements included providing Mr. Brant with sixty dollars in purchase money, bodily searching Mr. Brant before and after the controlled buy, providing Mr. Brant with transportation to and from the buy, and observing [Crawford's] front porch during the controlled buy. Mr. Brant testified that [Crawford] handed him a piece of mail from [Crawford's] mail box and inside was a bag containing a white substance. At the conclusion of the buy, Mr. Brant got into Detective Marcocci's vehicle and provided the mail with the bag to the detective. The substance was later tested and was not cocaine, but it appeared to be cocaine in packaging, appearance, and price based on the experience and testimony of Officer McNamara and Detective Marcocci.

Trial Court Opinion, at 1.

Against this factual background, Crawford now argues the trial court erred in failing to instruct the jury, *sua sponte*, regarding the affirmative defense of entrapment.[1] Specifically, Crawford states: "Although no request for such instruction was made by trial counsel, such instruction should have been given, with the evidence presented at trial." Appellant's Brief at 5. "Under these circumstances, an entrapment instruction would have been appropriate, as there was no history indicated of any drug dealing activities by Mr. Crawford, and he did not even sell Mr. Brant any actual cocaine." **Id.** at 6.

Our standard of review for a challenge to jury instructions is as follows:

Our standard of review regarding jury instructions is limited to determining whether the trial court committed a

---

[1] **See** 42 Pa.C.S. § 313, Entrapment.

clear abuse of discretion or error of law which controlled the outcome of the case. Error in a charge occurs when the charge as a whole is inadequate or not clear or has a tendency to mislead or confuse rather than clarify a material issue. Conversely, a jury instruction will be upheld if it accurately reflects the law and is sufficient to guide the jury in its deliberations.

The proper test is not whether certain portions or isolated excerpts taken out of context appear erroneous. We look to the charge in its entirety, against the background of the evidence in the particular case, to determine whether or not error was committed and whether that error was prejudicial to the complaining party.

In other words, there is no right to have any particular form of instruction given; it is enough that the charge clearly and accurately explains the relevant law.

**Krepps v. Snyder**, 112 A.3d 1246, 1256 (Pa. Super. 2015) (citations and internal quotation marks omitted). Further, "to obtain a new trial based on the trial court's treatment of a jury's question, the moving party must demonstrate in what way the trial error caused an incorrect result." **Jeter v. Owens-Corning Fiberglas Corp.**, 716 A.2d 633, 636 (Pa. Super. 1998) (citation omitted).

Further, "A specific and timely objection must be made to preserve a challenge to a particular jury instruction. Failure to do so results in waiver." **Commonwealth v. Olsen**, 82 A.3d 1041, 1050 (Pa. Super. 2013) (citation omitted).

Here, no jury charge regarding entrapment was ever requested, and no objection to a lack of jury charge regarding entrapment was ever raised. The law is clear that there is no trial court error in failing to provide a specific jury charge where that charge was never requested and no objection to the lack of the charge was raised at trial. Indeed, the failure to request such charge

or to raise a timely objection means the challenge has been waived. ***See***

***Commonwealth v. Olsen, supra.***

As the trial court cogently stated, "To preserve an issue involving a jury instruction for appeal, the Defendant must make a specific objection on the record. ***Commonwealth v. Pressley***, 887 A.2d 220, 225 (Pa. Supreme 2005). Since no objection was ever made of record, a ruling was never made on the matter and no error occurred." Trial Court Opinion at 2.[2]

Judgment of sentence affirmed.

Judgment Entered.

_Joseph D. Seletyn, Esq._
Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>10/16/2018</u>

---

[2] The trial court further noted, and we agree, that had the issue not been waived, Crawford would not be entitled to relief. The trial court stated:

> ...Defendant had the burden to prove "by a preponderance of [the] evidence that his conduct occurred in response to an entrapment." *18 Pa.C.S.A. § 313*. [Crawford] failed to meet that burden, as there was no evidence in the record to establish that law enforcement made knowingly false representations designed to induce [Crawford] into believing that his conduct was not prohibited, or that the controlled buy utilized by law enforcement led [Crawford] to commit an offense that he otherwise would not have committed.

***Id.*** at 2-3.