J-A30011-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| ALEC AND RICHARD KRAYZEL | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellants | |
| v. | |
| LAWRENCE J. ROBERTS, ADMINISTRATOR OF THE ESTATE OF GORDON A. SPIWAK, DEC'D | |
| Appellee | No. 489 EDA 2014 |

Appeal from the Judgment Entered January 28, 2014
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s): June Term, 2012, No. 1970

BEFORE:  MUNDY, J., JENKINS, J., and FITZGERALD, J.[*]

MEMORANDUM BY MUNDY, J.:                    **FILED DECEMBER 22, 2015**

Appellants, Alec and Richard Krayzel,[1] appeal from the judgment entered on January 28, 2014 in favor of Appellee, Lawrence J. Roberts, Administrator of the Estate of Gordon A. Spiwak, deceased, (Administrator) following a jury verdict that Administrator was not liable to Appellants.  After careful review, we affirm.

We set forth the facts and procedural history of this case, as summarized from the certified record, as follows.  This negligence action arises out of a motor vehicle accident.  On July 21, 2010, a vehicle driven by

_____

[*] Former Justice specially assigned to the Superior Court.

[1] As Appellants share a surname, we refer to them individually by their first names.

Gordon A. Spiwak (Decedent) negligently rear-ended the vehicle driven by Richard in which Alec was a passenger. Administrator admitted that Decedent was negligent. Each Appellant asserted that he sustained serious bodily injury from whiplash in the form of soft tissue damage to his back, neck, and spine as a result of the accident.

On February 22, 2013, the case proceeded to arbitration. The arbitration panel found in favor of the Appellants and awarded each Appellant $10,000.00 in damages, for a total award of $20,000.00. On March 21, 2013, Administrator filed a notice of appeal to the court of common pleas, demanding a jury trial. Thereafter, on July 31, 2013, Appellants stipulated to limit the maximum amount of damages to $25,000.00, pursuant to Pennsylvania Rule of Civil Procedure 1311.1.

On September 17, 2013, a two-day jury trial commenced. On September 18, 2013, the jury returned a verdict in favor of Administrator. Specifically, the jury found that the negligence of Decedent was not a factual cause of injury to either Appellant. On September 30, 2013, Appellants filed a timely post-trial motion,[2] and the trial court denied the motion on

---

[2] The tenth day to timely file a post-trial motion fell on Saturday, September 28, 2013. When computing the ten-day filing period "[if] the last day of any such period shall fall on a Saturday or Sunday … such day shall be omitted from the computation." 1 Pa.C.S.A. § 1908. Accordingly, the last day for Appellants to timely file a post-trial motion was on Monday, September 30, 2013.

December 31, 2013. Thereafter, on January 28, 2014, Appellants filed a praecipe to enter judgment, and judgment was entered in favor of Administrator. That same day, Appellants filed a timely notice of appeal.[3]

On appeal, Appellants raise the following issues for our review.

> 1. Did the trial court err in overruling [Appellants'] objection to [Administrator's] cross-examination of [] Alec Krayzel regarding a social media statement that he expected to recover $1,000,000.00 where: (a) the statement obtained from social media was not disclosed to [Appellants'] counsel despite an ongoing discovery request; (b) the question was knowingly misleading as [Appellants] stipulated to limiting damages to $25,000.00 under Pa.R.C.P. 1311.1; (c) statements with regard to the amount of damages demanded are inadmissible, and (d) the statement was otherwise inadmissible, irrelevant and prejudicial?
>
> 2. Did the trial court err in limiting presentation of [Appellants'] medical reports offered pursuant to Pa.R.C.P. 1311.1?
>
> 3. Was the verdict in favor of the defendant, that defendant's negligence was not a factual cause of any injury to [Appellants], contrary to the weight of the uncontradicted, uncontroverted evidence and the result of prejudice and partiality, entitling [Appellants] to a new trial?
>
> 4. Did the trial court err in refusing [Appellants'] requested charge on damages as mandated by Pa.R.C.P. 223.3 and requested points for charge

---

[3] Appellants and the trial court have complied with Pennsylvania Rule of Appellate Procedure 1925. The trial court's Rule 1925(a) opinion adopts the reasoning expressed in footnote one of its December 31, 2013 order denying Appellants' post-trial motion.

regarding the nature and compensability of soft tissues injuries?

5. Did the trial court err in refusing [Appellants'] requested point for charge that the verdict must bear a reasonable relation to the loss suffered as demonstrated by uncontroverted evidence per **Neison v. Hines**, 653 A.2d 634, 637 (Pa. 1995)?

6. Did the trial court err in denying [Appellants'] requested instruction that under the facts of the case, the jury must find defendant's negligence was a factual cause of harm to [Appellants]?

Appellants' Brief at 6-8.

All of Appellants' issues in their post-trial motion sought to obtain a new trial. We begin by noting our standard of review.

In reviewing a trial court's denial of a motion for a new trial, the standard of review for an appellate court is as follows:

[I]t is well-established law that, absent a clear abuse of discretion by the trial court, appellate courts must not interfere with the trial court's authority to grant or deny a new trial.

\* \* \*

Thus, when analyzing a decision by a trial court to grant or deny a new trial, the proper standard of review, ultimately, is whether the trial court abused its discretion.

Moreover, our review must be tailored to a well-settled, two-part analysis:

We must review the court's alleged mistake and determine whether the court erred and, if so, whether the error resulted in prejudice necessitating a new trial. If the

- 4 -

alleged mistake concerned an error of law, we will scrutinize for legal error. Once we determine whether an error occurred, we must then determine whether the trial court abused its discretion in ruling on the request for a new trial.

***ACE Am. Ins. Co. v. Underwriters at Lloyds and Cos.***, 939 A.2d 935, 939 (Pa. Super. 2007) (citations omitted), *affirmed*, 971 A.2d 1121 (Pa. 2009).

In their first issue on appeal, Appellants argue that the trial court improperly admitted a statement Alec posted to his public Facebook page. Appellants' Brief at 28. In that statement, which Alec posted to Facebook during jury selection, Alec identified his location as Philadelphia City Hall by "tagging" himself at that location on Facebook and commented that he was "becoming a millionaire." Administrator's Brief at 4. During the cross-examination of Alec, the trial court permitted Administrator to question Alec on the statement, over Appellants' objection. We review a trial court's evidentiary rulings according to the following standard.

When we review a trial court ruling on admission of evidence, we must acknowledge that decisions on admissibility are within the sound discretion of the trial court and will not be overturned absent an abuse of discretion or misapplication of law. An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will, as shown by the evidence or the record, discretion is abused.

***Commonwealth Fin. Sys., Inc. v. Smith***, 15 A.3d 492, 496 (Pa. Super. 2011) (citations and internal quotation marks omitted). Further, "[a] trial judge has considerable latitude in determining the scope of cross-examination and his determination will not be reversed in the absence of an abuse of discretion unless a party suffers obvious disadvantage." ***Yacoub v. Lehigh Valley Med. Assocs., P.C.***, 805 A.2d 579, 597 (Pa. Super. 2002), *appeal denied*, 825 A.2d 639 (Pa. 2003) (internal quotation marks and citation omitted).

The trial court explained that it permitted the cross-examination question for the following reasons.

> This was proper cross-examination under the circumstances and went to [Alec's] state of mind, motive, bias and credibility. The Facebook post was certainly available to Alec [], the poster, and cross-examination of him with his mid-trial post did not violate any rule of discovery or evidence.

Trial Court Order, 12/31/13, at 1-2 n.1.

In admitting this statement, we discern no abuse or error of law. Specifically, even though Appellants stipulated to a maximum of $25,000.00 of damages, Alec's Facebook post still was relevant to show Alec's state of mind, motive, bias, and credibility. ***See Yacoub***, ***supra*** (stating that a party may cross-examine to explore credibility or bias that would affect the testimony of the witness). Its probative value to demonstrate that Alec did not sustain significant injuries and was attempting to use the litigation to profit outweighed any prejudice to Appellants. Moreover, the statement was

made by Alec on his Facebook account and was available to him. Accordingly, we conclude that the trial court did not abuse its discretion by denying Appellants' motion for a new trial on these grounds. **See Commonwealth Fin. Sys.**, **supra**; **Yacoub**, **supra**. **ACE Am. Ins.**, **supra**.

In their second issue on appeal, Appellants argue that the trial court improperly limited the presentation of Appellants' medical reports under Pennsylvania Rule of Civil Procedure 1311.1. Appellants' Brief at 42. As noted above, we review a trial court's admission of evidence for an abuse of discretion or an error of law. **See Commonwealth Fin. Sys.**, **supra**. Rule 1311.1 provides the procedure for admitting documents, including expert reports, at the trial of an appeal from arbitration in which the plaintiff elects to limit the maximum amount of damages to $25,000.00.

> **Rule 1311.1. Procedure on Appeal. Admission of Documentary Evidence**
>
> (a) The plaintiff may elect a limit of $25,000.00 as the maximum amount of damages recoverable upon the trial of an appeal from the award of arbitrators. …
>
> (b) If the plaintiff has filed and served an election as provided in subdivision (a), any party may offer at trial the documents set forth in Rule 1305(b)(1)[, including reports of licensed health care providers and expert reports]. The **documents offered shall be admitted** if the party offering them has provided written notice to every other party of the intention to offer the documents at trial at least twenty days from the date the appeal is first listed for trial. …
>
> (c) A document which is **received into evidence** under subdivision (b) may be used only for those

purposes which would be permissible if the person whose **testimony is waived** by this rule were present and testifying at the hearing. The court shall disregard any portion of the **document** so received that would be inadmissible if the person whose testimony is waived by this rule were testifying in person.

(d) Any other party may subpoena the person whose testimony is waived by this rule to appear at or serve upon a party a notice to attend the trial and any adverse party may cross-examine the person as to **the document** as if the person were a witness for the party offering the document. …

Pa.R.C.P. 1311.1(a)-(d).

Appellants contend that pursuant to Rule 1311.1, the trial court abused its discretion by not permitting Appellants to read the entirety of their expert reports and health care provider report to the jury. Appellants' Brief at 42. "We, as judges on an appellate court, are mindful that trial judges have wide discretion in the management and conduct of trial proceedings. Thus, we are most careful not to second-guess trial court judges in the exercise of their discretion to so manage." *In re C.W.*, 960 A.2d 458, 469 (Pa. Super. 2008) (citation omitted). However, "[w]hen legal issues such as the interpretation of a rule are concerned, our standard of review is *de novo* and our scope of review is plenary. We further note that the object of all interpretation and construction of rules is to ascertain and effectuate the intention of the Supreme Court." *Kopytin v. Aschinger*, 947 A.2d 739, 744 (Pa. Super. 2008), *appeal denied*, 964 A.2d 2 (Pa. 2009).

Contrary to Appellants' argument, there is nothing in the plain language of Rule 1311.1 that requires a trial court to permit a party offering a document into evidence under Rule 1311.1 to read the entirety of the document to the jury. Rule 1311.1 merely provides that the document must be admitted into evidence. Pa.R.C.P. 1311.1(b). Here, the trial court complied with Rule 1311.1 by admitting Appellants' expert reports into evidence. Moreover, even though it was under no obligation to do so, the trial court allowed Appellants to read the highlights of the reports to the jury. *See* N.T., 9/17/13, at 52-68 (presenting to the jury segments of expert reports and treatment notes describing the various injuries Appellants sustained in the car accident). Further, as the trial court explained, the reports were admitted into evidence in their entirety, and the full reports were with the jury while it deliberated. Trial Court Order, 12/31/13, at 1-2 n.1. Because the trial court complied with Rule 1311.1, we will not second-guess the trial court's discretion in the management and conduct of the jury trial. ***See In re C.W.***, ***supra***. Accordingly, the trial court did not abuse its discretion or err as a matter of law in denying Appellants' post-trial motion for a new trial on this basis, and Appellants' second issue does not warrant relief. ***See ACE Am. Ins.***, ***supra***.

In their third issue on appeal, Appellants contend that the verdict of no liability was against the weight of the evidence. Appellants' Brief at 46. Our standard of review of such claims is as follows.

> Appellate review of a weight claim is a review of the [trial court's] exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence. Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence. One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice.
>
> The factfinder is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses. The trial court may award a judgment notwithstanding the verdict or a new trial only when the jury's verdict is so contrary to the evidence as to shock one's sense of justice. In determining whether this standard has been met, appellate review is limited to whether the trial judge's discretion was properly exercised, and relief will only be granted where the facts and inferences of record disclose a palpable abuse of discretion. When a fact finder's verdict is so opposed to the demonstrative facts that looking at the verdict, the mind stands baffled, the intellect searches in vain for cause and effect, and reason rebels against the bizarre and erratic conclusion, it can be said that the verdict is shocking.

*Haan v. Wells*, 103 A.3d 60, 69-70 (Pa. Super. 2014) (citations and internal quotation marks omitted; brackets in original).

Appellants contend that because Administrator conceded negligence and did not present a factual challenge to the underpinnings of the expert

reports detailing their injuries, the jury's verdict of no factual causation is not supported by the evidence. Appellants' Brief at 69. Appellants apparently maintain that because the Administrator admitted Decedent was negligent, the jury had to find that negligence was the factual cause of Appellants' injuries. The trial court, however, explained that the issue of factual causation was contested and the evidence supported the jury's verdict as follows.

> The gist of the dispute involves the verdict of no factual cause in the face of uncontradicted medical evidence. [Appellants] are correct that the medical evidence was not subject to cross-examination and there was no defense expert, [but] the issue of whether [Appellants] suffered any injuries was hotly contested. [Appellants] did not seek any emergency care or complain about any injuries at the time of the accident. They engaged in normal physical activities shortly after the accident, treated only with a chiropractor, never saw an orthopedist or neurologist and never underwent any objective diagnostic testing. They were also impeached as to the extent and duration of their claimed disability and injuries. We also note that the demeanor of plaintiffs was disinterested and lackadaisical. Viewing the evidence in the light most favorable to the verdict winner, the jury was entitled to disbelieve [Appellants] and find that they suffered no injuries of any kind from the rear end collision. Likewise, a jury may choose not to credit expert testimony, even if uncontradicted. Clearly, the jury accepted the argument of defense counsel, which [was] reasonably based in the evidence, or lack thereof, and inferences reasonably drawn, that [Appellants] suffered no injuries from the accident and that neither [Appellants] nor their chiropractor were worthy of belief on this score.

Trial Court Order, 12/31/13, at 1-2 n.1 (citation omitted).

We conclude that the trial court did not abuse its discretion in concluding that the verdict was not against the weight of the evidence. Under our standard of review, we may not reevaluate the underlying question of whether the evidence was against the weight of the evidence. *See Haan*, *supra*. Although Administrator conceded that Decedent was negligent, Administrator never stipulated that his negligence caused the Appellants' injuries or that Appellants were injured. As the plaintiffs, Appellants had the burden of proof and persuasion on these issues. We discern no abuse of discretion in the trial court's conclusion that Appellants did not meet their burden, even though they presented the only expert on the issue of damages. *See id.* Accordingly, Appellants' third issue has no merit and the trial court did not abuse its discretion or commit an error of law in denying Appellants' post-trial motion on this basis. *See ACE Am. Ins.*, *supra*.

We address Appellants' three remaining issues together as they all challenge various jury instructions. Appellants' Brief at 71-72.

> Our standard of review regarding jury instructions is limited to determining whether the trial court committed a clear abuse of discretion or error of law which controlled the outcome of the case. Error in a charge occurs when the charge as a whole is inadequate or not clear or has a tendency to mislead or confuse rather than clarify a material issue. Conversely, a jury instruction will be upheld if it accurately reflects the law and is sufficient to guide the jury in its deliberations.
>
> The proper test is not whether certain portions

> or isolated excerpts taken out of context appear erroneous. We look to the charge in its entirety, against the background of the evidence in the particular case, to determine whether or not error was committed and whether that error was prejudicial to the complaining party.
>
> In other words, there is no right to have any particular form of instruction given; it is enough that the charge clearly and accurately explains the relevant law.

*Krepps v. Snyder*, 112 A.3d 1246, 1256 (Pa. Super. 2015) (citations and internal quotation marks omitted). Further, "to obtain a new trial based on the trial court's treatment of a jury's question, the moving party must demonstrate in what way the trial error caused an incorrect result." *Jeter v. Owens-Corning Fiberglas Corp.*, 716 A.2d 633, 636 (Pa. Super. 1998) (citation omitted).

In their fourth issue on appeal, Appellants argue that the trial court erred in its instructions on damages. Appellants' Brief at 73-76. Specifically, Appellants contend that the trial court erred in refusing to charge the jury regarding the seriousness of soft tissue injuries. *Id.* at 76. The jury, however, found Decedent's negligence was not the factual cause of Appellants' injuries and therefore did not reach the issue of damages. Accordingly, this alleged error did not contribute to the verdict. *See Jeter*, *supra*; *Garcia v. Bang*, 544 A.2d 509, 511 (Pa. Super. 1988) (noting an alleged erroneous instruction on damages did not warrant relief because the jury did not reach the issue of damages). Therefore, the trial court did not

abuse its discretion or err as a matter of law in refusing to grant a new trial on this basis. *See ACE Am. Ins.*, *supra*.

In their fifth issue, Appellants claim that the trial court erred in failing to give the jury its requested charge that the verdict "must not be a product of passion, prejudice, partiality or corruption, and must bear some reasonable relation to the loss suffered by the plaintiff as demonstrated by the uncontroverted evidence presented at trial." Appellants' Brief at 77, *quoting* Requested Point for Charge No. 32. First, the trial court adequately instructed the jury that its verdict must conform to the law and the facts and could not be a product of prejudice. *See* N.T., 9/18/13, at 26 (directing the jury that "your function is to reach a fair conclusion from the evidence and the applicable law[]"); *Id.* at 28 (instructing "[d]o not allow sympathy of any kind or prejudice against any person or group to influence your deliberations. You should not be influenced by anything other than the law and the evidence in this case keeping in mind that all parties stand equally before this [c]ourt and each is entitled to the same fair and impartial treatment in your hands[]"). Moreover, as discussed above, the issues of factual cause and damages were at issue, so the requested instruction, suggesting that those issues were "uncontroverted," would have been misleading. Therefore, this issue is meritless, and the trial court did not abuse its discretion or err as a matter of law in refusing to grant a new trial on this basis. *See Krepps*, *supra*; *ACE Am. Ins.*, *supra*.

Similarly, in their sixth issue, Appellants contend that the trial court erred in refusing to instruct the jury that it must find that Decedent's negligence was a factual cause of Appellants' harm. Appellants' Brief at 79. For the reasons discussed above, such an instruction was not appropriate because the issue of factual causation was in dispute and the jury had to resolve the issue. Appellants' requested charge was not warranted in these circumstances. Moreover, the trial court accurately instructed the jury on the legal principle of factual cause. *See* N.T., 9/18/13, at 18-19 (charging on factual cause). Therefore, the trial court did not abuse its discretion or err as a matter of law in refusing to give Appellants' requested instruction. *See Krepps*, *supra*. Consequently, this issue is without merit, and the trial court did not err in denying Appellants' post-trial motions raising challenges to the jury instructions. *See ACE Am. Ins.*, *supra*.

For the foregoing reasons, Appellants' issues on appeal do not warrant relief. Therefore, the trial court did not abuse its discretion or err as a matter of law in refusing to grant Appellants' post-trial motions. *See id.* Accordingly, we affirm the January 28, 2014 judgment.

Judgment affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>12/22/2015</u>