OPINION BY JUDGE SIMPSON Before this Court are consolidated appeals following the entry of judgment after a jury verdict finding that the Port Authority of Allegheny County (Port Authority) and Joan P. Grove (Plaintiff) each bore 50% of the negligence that was the cause of Plaintiffs injuries after she was struck by a Port Authority bus. In its appeal, the Port Authority asserts the Court of Common Pleas of Allegheny County (trial court) erred in denying its post-trial motions seeking a new trial as a result of the trial court’s failure to charge the jury on negligence per se based on certain Vehicle Code provisions relating to duties of pedestrians.[1] In her appeal, Plaintiff challenges the trial court’s award of delay damages based on the molded recovery rather than the amount of compensatory damages actually awarded. After review, we are constrained to reverse and remand for a new trial based on the trial court’s failure to adequately charge the jury regarding legal principles relevant to the jury’s apportionment of comparative negligence. As a result, we dismiss Plaintiffs appeal as moot. I. Background In June 2014, Plaintiff was walking on a sidewalk that ran along Sixth Avenue in downtown Pittsburgh. Intersecting Sixth Avenue was Montour Way, a one-way alley that Plaintiff had to cross in order to reach her bus stop. Motor vehicle traffic on Sixth Avenue was to Plaintiffs left. When Plaintiff reached Montour Way there was a car stopped in the pedestrian crosswalk of the alley. Another pedestrian, Dante Anglin (Anglin), was-walking in the same direction as Plaintiff. Anglin-.entered Montour Way ahead of Plaintiff, and he was forced to veer to his left because of the car that was stopped in- Montour Way’s pedestrian crosswalk. When Plaintiff arrived at the intersection, she also stepped around the vehicle and passed Anglin on the left side. A Port Authority bus traveling down Sixth Avenue struck Plaintiff. Before striking Plaintiff, the bus was traveling down Sixth Avenue at approximately nine miles per hour when it encountered a stopped vehicle in its lane attempting to turn left. The bus maneuvered around the vehicle, and it struck Plaintiff. Plaintiff fell and hit her head on the pavement, and Plaintiffs right leg was trapped under the bus. The bus’s tire ran over Plaintiffs leg and dragged Plaintiff along the ground. The bus. driver, Betty Cunningham (Cunningham), did not realize shte.struck Plaintiff until a passenger on the bus, Joyce Broadwick (Broadwick), yelled for her to stop the bus. Plaintiffs leg was almost completely severed. Over the next three months, Plaintiff underwent numerous surgeries in an effort to save her leg. Ultimately, Plaintiffs leg was amputated just below the. knee, and she was fitted with a prosthesis. Plaintiff subsequently filed suit against the Port Authority. She alleged that Cunningham caused her injuries by negligently passing the stopped vehicle in her lane that was attempting to turn left as Sixth Avenue is only marked as a two-lane road. In so doing, Plaintiff contended Cunningham drove the bus up on the curb and encroached on the adjoining intersection of Montour Way. At trial, while admitting she could not walk on the crosswalk on Montour Way because it was blocked by the vehicle, Plaintiff alleged that when the bus struck her, she was still on Montour Way and her foot did not venture onto Sixth Avenue. Aside from Plaintiffs testimony, two other witnesses offered testimony on this issue. Anglin testified Plaintiff was two feet outside of the crosswalk on Montour Way and was on Sixth Avenue when the bus struck her. Broadwick was unable to testify definitively on this issue because she only observed the top of Plaintiffs head for about a second before the bus struck Plaintiff. Nevertheless, Broadwick testified that she witnessed Plaintiff step onto Sixth Avenue into the path of the bus. Shortly before the trial concluded, both parties submitted proposed jury instructions. The Port Authority requested that the trial court provide the jury with summaries of four Vehicle Code provisions regarding the duties of care for pedestrians. The trial court rejected those proposed points for charge. The trial court’s entire charge to the jury regarding negligence was as follows: I will now explain what negligence is. A person must act in a reasonably careful manner to avoid injuring others. The care required varies according to the circumstances and degree of danger at a particular time. You must decide how a reasonably careful person would act under the circumstances established by the evidence in this case. A person who does something a reasonably careful person would not do under the circumstances is negligent. A person also can be negligent by failing to act. A person who fails to do something a reasonably careful person would do under the circumstances is negligent. Reproduced Record (R.R.) at 304a. After the jury began its deliberations, it returned with three questions, the first of which was: ‘What is the pedestrian right away [sic] law in the City of Pittsburgh?” R.R. at 451a. The Port Authority again requested that the trial court provide the jury with its proposed points for charge regarding the duties of pedestrians set forth in the Vehicle Code. The trial court denied the request on the ground that Plaintiff never received a citation under any of those statutory provisions. As such, the trial court deemed the proposed instructions unnecessary as the duties of pedestrians under those provisions were not at issue, and it informed the jury that “the right of way law is not an issue in this case.” R.R. at 332a. The jury resumed its deliberations. Ultimately, the jury returned a verdict finding both parties at fault and apportioning negligence at 50% each, along with a verdict of $2,731,000, which was reduced by Plaintiffs comparative negligence to $1,365,500. The trial court molded the verdict to $250,000 pursuant to the statutory damage cap for suits against Commonwealth agencies. See 42 Pa. C.S. § 8528(b). The Port Authority filed post-trial motions, arguing that the trial court’s refusal to instruct the jury on negligence per se resulted in severe prejudice to the Port Authority, and, therefore, it was entitled to a new trial. Ultimately, the trial court determined that its failure to charge the jury on negligence per se was harmless because the jury found Plaintiff negligent; thus, the absence of a per se charge did not impact the jury’s negligence determination. To that end, the trial court reasoned, because the jury found Plaintiff negligent, it would have made no difference to instruct the jury on negligence per se as negligence per se encompasses only the elements of duty and breach rather than causation. Had the jury found Plaintiff negligent per se, the trial court reasoned, it still would have had to factor in her comparative negligence. Therefore, the trial court determined that the Port Authority suffered no prejudice as a result of the trial court’s refusal to charge the jury on negligence per se, and it committed no error in declining to instruct the jury on negligence per se. Plaintiff filed a motion for delay damages contending that rather than $11,444.64, the delay damages based on the statutory cap of $250,000, she was entitled to $62,635.37 in delay damages based on the initial molded verdict of $1,365,500. Citing Allen v. Mellinger, 567 Pa. 1, 784 A.2d 762 (2001), the trial court denied Plaintiffs motion. Both parties appealed to this Court. II. Discussion In responding to a request for a new trial, a trial court must follow a two-step process. Daddona v. Thind, 891 A.2d 786 (Pa. Cmwlth. 2006). First, it must decide whether one or more mistakes occurred at trial. Id. Second, if the court concludes a mistake occurred, it must determine whether the mistake was a sufficient basis for granting a new trial. Id. The harmless error doctrine underlies every decision to grant or deny a new trial. H. A new trial is not warranted merely because some irregularity occurred during the trial or another trial judge would rule differently; the moving party must show prejudice resulting from the mistake. Id. As an appellate court, to review the two-step process of the trial court for granting a new trial, we also employ a two-prong analysis. Id, First, we examine the decision of the trial court that a mistake occurred. In so doing, we must apply the appropriate standard of review. Id. If the alleged mistake involved an error of law, we must scrutinize for legal error. Id If, on the other hand, the alleged mistake involved a discretionary act, we must review for an abuse of discretion. Id. If there were no mistakes at trial, we must affirm a decision by the trial court to deny a new trial as the appellate court cannot order a new trial where no error of law or abuse of discretion occurred. Id. A. Jury Instructions 1. Contentions In support of its appeal, the Port Authority argues that the trial court was bound to instruct the jury on the law applicable to the evidence in the record. It asserts the facts in evidence proved that Plaintiff crossed an alley outside of the marked pedestrian crosswalk and in doing so stepped out onto Sixth Avenue without ever looking for vehicular traffic and directly into the path of the passing Port Authority bus that struck her. The Port Authority contends it submitted written proposed points for charge requesting an instruction on negligence per se, including the Vehicle Code provisions regarding the duties of pedestrians. It argues that the requested Vehicle Code provisions address the duties of care of pedestrians, prohibit pedestrians from leaving a curb or other place of safety and walking into the path of a vehicle, and yielding the right of way to all vehicles on the roadway. The Port Authority maintains the trial court denied these requested points for charge. It asserts the trial court’s refusal constitutes an abuse of discretion that resulted in prejudice to the Port Authority, and is fundamental error. The Port Authority further contends that, during deliberations, the jury submit ted written questions to the trial court, which included: “What is the pedestrian right-away [sic] law in the City of Pittsburgh?” R.R. at 451a. The Port Authority argues its counsel again urged the trial court to instruct the jury on the requested points for charge, including negligence per se and the Vehicle Code provisions pertaining to pedestrians. It asserts the trial judge again refused. Instead, the Port Authority asserts, the trial court provided the following answer to the jury: “[T]he right of way law is not an issue in this case.” R.R. at 332a. The Port Authority maintains that the jury astutely recognized that the right of way law was pertinent to its decision and requested guidance from the trial court for such an instruction. Unfortunately, it argues, not only did the trial court decline to provide the required , guidance, it misled the jury by , giving an inaccurate answer. The Port Authority contends that refusing to provide the requested instruction and providing an incorrect answer in response to the jury’s question resulted in severe prejudice to the Port Authority, which likely altered the outcome of the jury vér-dict. As such, the Port Authority asserts, it is entitled to a new trial. Plaintiff counters that, on appeal, the Port Authority raises one argument: that the trial court had two opportunities to instruct the jury on negligence per se, first, during the initial jury charge; and second, in response to a jury question. Plaintiff points out that the Port Authority argues that the trial court abused its discretion by not giving that instruction. Plaintiff asserts that the Port Authority first sought three non-standard instructions directing the j,ury to find Plaintiff negligent, per se if she was found to be outside of the crosswalk, or otherwise in the bus’s roadway at the time of the accident. Additionally, Plaintiff argues, the Port Authority sought that same negligence per se instruction- in response to the jury’s question as to the pedestrian.right of way law in the City .of Pittsburgh. Plaintiff maintains that, because a pedestrian is not necessarily negligent per se for crossing in an intersection, ■ the trial court did not abuse its discretion in not charging the jury on negligence per se. She contends there is no record evidence supporting the Port Authority’s contention that the jury was somehow confused by the legal standard and principles so as to warrant a new trial. Perhaps most illustrative, Plaintiff asserts, the jury did in fact find Plaintiff negligent even without the'per se charge Thus, Plaintiff argues, to the extent the trial court erred, it was harmless, and the jury’s verdict should not be disturbed. 2. Analysis The purpose of a jury charge is to clarify the legal principles at issue. Rittenhouse v. Hanks, 777 A.2d 1113 (Pa. Super. 2001). Jury instructions must be upheld if they adequately and accurately reflect the law and are sufficient to guide the jury in its deliberations. Von der Heide v. Dep’t of Transp., 553 Pa. 120, 718 A.2d 286 (1998). Further, our Supreme Court,explains: In examining jury instructions, our scope of review is limited to determining whether the trial court committed a clear abuse of discretion or error of law controlling the outcome of the case. Error in a charge is sufficient ground for a new trial if the charge as a whole is inadequate or not clear or has a tendency to mislead or confuse rather than clarify a material issue. A charge will be found adequate unless the issues are not made clear to the jury or the jury was palpably misled by what the trial judge said or unless there is an omission in the charge which amounts to a fundamental error. In reviewing a trial court’s charge to the jury we must look to the charge in its entirety. Because this is a question of law, this Court’s review is plenary. Quinby v. Plumsteadville Family Practice, Inc., 589 Pa. 183, 907 A.2d 1061, 1069-70 (2006) (citations and quotations omitted). “As a general rule, refusal to give a requested instruction containing a correct statement of law is ground for a new trial unless the substance thereof has otherwise been covered in the court’s general charge.” Ottavio v. Fibreboard Corp., 421 Pa.Super. 284, 617 A.2d 1296, 1302 (1992). Relevant here, the trial court charged the jury on general negligence, comparative negligence, and the apportionment of comparative negligence. Instructing the jury on comparative negligence and apportionment, the trial court stated: As a defense, the [Port Authority] claims that [Plaintiffs] own negligence was a factual cause of her injury. [The Port Authority] has the burden to prove both of the following: That [Plaintiff] was negligent, and that [Plaintiffs] negligence was the factual cause of her injury. If you find [Plaintiffs] percentage of negligence is greater than 50 percent, [Plaintiff] cannot recover her damages. If you decide that both [Plaintiff] and [the Port Authority] were negligent and that the negligence of both parties was a factual cause of [P]laintiff s injuries, you must then decide how much each party’s negligence contributed to the [Plaintiffs injury. You should state each party’s share of the negligence in the form of a percent. . Together these percentages must total 100 percent. ... ¡. If you decide that [Plaintiffs] negligence was greater than 50 percent, then [P]laintiff cannot recover. If you decide that [Plaintiffs] negligence, was. less than or equal to [the Port Authority’s], then [P]laintiff can recover for her injuries. You must then decide the dollar amount of [Plaintiffs] damages. In ■ determining [Plaintiffs] damages, do not consider the percent of [Plaintiffs] negligence. I will reduce [Plaintiffs] damages based upon the percent of negligence you have assigned to the parties. If you find that [the Port Authority] was not negligent, or that the negligence of the [Port Authority] was not a factual cause in bringing about the harm to [Plaintiff], your verdict must be'for the [Port Authority] on the negligence claim. If you find that [the Po.rt Authority] was negligent and that the conduct of the [Port Authority] was a factual cause of .the harm to [Plaintiff], you should then consider whether [Plaintiff] was negligent and whether the negligence of [Plaintiff] was a factual cause in bringing about [Plaintiffs] own harm. ' If you decide that both [Plaintiff] and [the Port Authority] were negligent, that the negligence of both parties was a factual cause of the injury to [Plaintiff], you must decide the percentage of each party’s negligence. The total of these percentages must be 100 percent. If you decide that the negligence of [Plaintiff] was more than the negligence of the [Port Authority], then your verdict must be for the [Port Authority] on the negligence claim. If you decide that the negligence of [Plaintiff], if any, was less than or equal to the negligence of [the Port Authority], your verdict must be for [Plaintiff] on the negligence claim. R.R. at 305a-08a. In its written proposed points for charge, the Port Authority requested that, in addition to the general negligence charge given by the trial court, see R.R. at 304a, that the trial court also instruct the jury as to negligence per se, see Pa. SSJI (Civ) 13.100,[2] based on three Vehicle Code provisions relating to the duties of care of pedestrians, 75 Pa. C.S. §§ 3542(b), 3543(a) and 3544(a) and (d). See R.R. at 449a. Section 3542(b) of the Vehicle Code (pertaining to “Right-of-way of pedestrians in crosswalks”) states: “(b) Exercise of care by pedestrian. — “No pedestrian shall suddenly leave a curb or other place of safety and walk or run into the path of a vehicle which is so close as to constitute a hazard.” Additionally, Section 3543(a) of the Vehicle Code (relating to “Pedestrians crossing at other than crosswalks”) states: “(a) General rule. — “Every pedestrian crossing a roadway at any point other than within a crosswalk at an intersection or any marked crosswalk shall yield the right-of-way to all vehicles upon the roadway.” Further, Section 3544 of the Vehicle Code states, in pertinent part: (a) Mandatory use of available sidewalk. — Where a sidewalk is provided and its use is practicable, it is unlawful for any pedestrian to walk along and upon an adjacent roadway. [[Image here]] (d) Right-of-way to vehicles. — Except as otherwise provided in this subchap-ter, any pedestrian upon a roadway shall yield the right-of-way to all vehicles upon the roadway. 75 Pa. C.S. § 3544(a), (d). Here, the jury was confronted with conflicting testimony as to whether the Port Authority bus struck Plaintiff while she was walking on Sixth Avenue, outside the crosswalk of Montour Way, or while she was walking within the crosswalk of Mont-our Way. Specifically, Plaintiff testified that she was two feet outside the crosswalk of Montour Way when the bus struck her. R.R. at 51a-52a. She testified that she was on Montour Way because the crosswalk was set back approximately three- and-a-half feet from the curb line of Sixth Avenue and the opposite sidewalk was directly in front of her. Id On the other hand, Anglin testified that the bus’s right front bumper struck Plaintiff, R.R. at 380a, and that Plaintiff was two arms lengths away from Anglin, which he equated as two feet outside of the crosswalk. R.R. at 375a, 377a, 390a-91a. Anglin specifically testified that the bus struck Plaintiff while she was on Sixth Avenue. R.R. at 391a. Additionally, Broad-wick testified that Plaintiff stepped out onto Sixth Avenue into the path of the bus. R.R. at 172a. Despite the existence of testimony that the bus struck Plaintiff after she walked outside of the crosswalk on Montour Way and onto Sixth Avenue into the path of the bus, the trial court rejected the Port Authority’s proposed points for charge regarding the statutory duties of care of pedestrians. It did so on the ground that Plaintiff did not receive a citation under any of the cited statutory provisions. R.R. at 237a. The trial court’s reasoning on this point was erroneous. See Hannon v. City of Phila., 138 Pa.Cmwlth. 166, 587 A.2d 845, 851 (1991) (“Contrary to [the appellant’s] claims, evidence of violation of a statute, such as the Vehicle Code here, may constitute negligence per se, irrespective of the criminal penalties contained therein or whether there has been a conviction thereunder.”) (emphasis added) (citation omitted). In addition, contrary to the trial court’s determination, the negligence per se instruction, coupled with the duties of care for pedestrians set forth in the Vehicle Code were relevant to the jury’s apportionment of comparative negligence here.[3] To that end, apportionment is a practical inquiry into the specific circumstances and depends on the unique-context of each case. Hairston v. Allen, 153 A.3d 999 (Pa. Super, 2016). As to the apportionment of comparative negligence charge that the trial court gave the jury here, see Pa. SSJI (Civ) 13.190; R.R. at 307a, the Superior Court explained: We have concluded that the jury should be informed of the consequence of its apportionment of negligence. We regard such information as essential if the jury is to be able to apply the equitable considerations and arrive at the comprorhises that are an inherent part of the jury system. Peair v. Home Ass’n of Enola Legion No. 761, 287 Pa.Super. 400, 430 A.2d 666, 671-72 (1981). Further, the apportionment charge allows the jury to consider all circumstances in its commonsense determination of how to apportion causal negligence. See Pa. SSJI (Civ) 13.190, Subcommittee Note. There are no limitations on what the jury may consider in this ápportionment, and the jury may apply equitable considerations to, reach a compromise. Id. As a result, the jury could consider the number and type of specific duties violated in addition to the general duty of a reasonable person to protect herself and others. Indeed, comparative negligence applies regardless of the nature of the negligence alleged, including a claim of negligence per se such as that asserted by the Port Authority here. Congini v. Portersville Valve Co., 504 Pa. 157, 470 A.2d 515 (1983) (permitting fact-finder to compare negligence per se of a host serving alcohol to a minor who illegally and willingly - consumed alcohol); White by Stevens v. Southeastern Pa. Transp. Auth., 359 Pa.Super. 123, 518 A.2d 810, 818 (1986) (it is “within the ex-clusive province of the jury to determine whether one shown to have been guilty of negligence per, se, was guilty of greater negligence than another shown to have been guilty of. some other kind of negligence per se or merely of negligence as a matter of fact and to compare the two and determine which is greater.”) (citations omitted). More importantly, after the trial court declined to charge the ‘jury on negligence per se based on the Vehicle Code provisions relating to the duties of care of pedestrians in accordance with the Port Authority’s proposed points for charge, and the jury began its deliberations, the jury returned with three questions. R.R. at 322a; The first question asked: “[W]hat is the pedestrian right of way law in- the City of Pittsburgh?” Id.; see also R.R. at 451a. In response, the trial court informed counsel that it proposed to inform the jury that “the right of way law is not an issue in this case[.]” R.R. at 322a. The Port Authority’s counsel objected, asserting the jury’s question pertained to.the Port Authority’s proposed points for charge regarding pedestrian duties of care under the Vehicle Code. .Id. The trial court disagreed, and it informed the jury that the right-of-way law was not an- issue in this case. R.R. at 332a. Again, this was error. ' “Where a jury returns on its own motion and indicates confusion, the court has a duty to give such additional ihstruc-, tions on the law, as the court may deem necessary to clarify the jury’s doubt or confusion.” Chicchi v. Southeastern Pa. Transp. Auth., 727 A.2d 604, 609 (Pa. Cmwlth. 1999) (citation omitted). Thus, [t]he general rule on jurors’ questions appears in Worthington v. Oberhuber, [419 Pa. 561, 215 A.2d 621 (Pa. 1966) ]: ‘There may be situations in which a trial judge may decline to answer questions put by the jury, but where a jury returns on its own motion indicating confusion, the court has the duty to give such additional instructions on the law as the court may think necessary to clarify the jury’s doubt or confusion.’ In Nebel v. Mauk, [434 Pa. 315, 253 A.2d 249 (Pa. 1969) ], this statement is qualified. The jury there asked the judge, ‘If a person is even slightly negligent can he claim damages from another person?’ When counsel could not agree on an answer, the court declined to instruct the jury further. A verdict was rendered for the defendant, and the plaintiffs motion for a new trial was granted. This order was reversed on appeal. After citing the rule from Worthington, the court added the following: While the fact that the question was asked would indicate that some confusion existed, a new trial should not be ordered unless it can be shown that the confusion worked to the detriment' of the losing party ... In order to obtain a new trial the moving party must' demonstrate in what way the trial error caused an incorrect result. Id. [at 251]. Reilly v. Poach, 227 Pa.Super. 522, 323 A.2d 50, 51-52 (1974). Further, [although in Nebel the court spoke of ‘demonstrat(ing)’ that refusal to answer a question ‘caused’ an incorrect result, this language must not be read too literally or out of context. Taken with the statement in Worthington of the trial judge’s ‘duty’, Nebel does not require that there appear more than a substantial possibility of an incorrect result after consideration is given to the particular facts of the case in question, with attention also to the .nature of the response required to answer the particular question put to the judge. Id. at n.2. Here, despite seeking clarification as to a'critical issue in the case, the right-of-way law, the trial court declined to provide accurate, relevant legal instructions contained in the Vehicle Code relating to the duties of care of pedestrians. There is a substantial possibility that the trial court’s refusal to provide these requested instructions, coupled with the trial court’s statement that the right-of-way law was not an issue in this case, influenced thq jury’s apportionment deliberations. Indeed, the fact that the jury specifically requested guidance on this issue signifies the importance of the instruction, and the refusal to provide the requested guidance cannot be declared absolutely harmless.[4] Moreover, we disagree with the trial court and Plaintiff that the trial court’s failure to instruct the jury on the Vehicle Code provisions discussed above is harmless on the ground that the jury ultimately found Plaintiff negligent. As set forth above, in apportioning the comparative negligence between Plaintiff and the Port Authority, the jury could consider the number and type of specific duties Plaintiff may have violated in addition to the general duty of a reasonable person to protect herself and others. Therefore, consideration of the specific duties of care of pedestrians could have impacted: .the jury’s determination as to how to apportion the comparative negligence here. This is particularly true here in light of the jury’s verdict finding that the Port Authority and Plaintiff each bore 50% of the negligence that was the cause of Plaintiffs injuries. Indeed, had the jury found Plaintiff 51% causally-negligent, no recovery would be permitted. See, e.g., Dawson v. Fowler, 384 Pa.Super. 329, 558 A.2d 565, 567 (1989) (“In Pennsylvania, where the plaintiff is 51% or more causally-negligent, no recovery is permitted.”) (citation omitted). Under these circumstances, a new trial is warranted. B. Delay Damages Based on our determination that a new trial is warranted, we dismiss as moot Plaintiffs consolidated appeal through which Plaintiff argues that her delay damages should have been calculated on the initial molded verdict amount of $1,365,500, rather than the final molded verdict of $250,000. III. Conclusion For the foregoing reasons, we are constrained to reverse the trial court’s order, and we remand to the trial court for a new trial. Consequently, we dismiss as moot Plaintiffs appeal challenging the trial court’s calculation of delay damages. ORDER AND NOW, this 12th day of January, 2018, the order of the Court of Common Pleas of Allegheny County is REVERSED and the matter is REMANDED for a NEW TRIAL consistent with the foregoing opinion. Designated Appellee Joan P. Grove’s consolidated appeal is DISMISSED as MOOT. Jurisdiction is relinquished. . 75 Pa. C.S. §§ 101-9805. . Pennsylvania Suggested Standard Jury Instruction (Civ) 13.100 ("Violation of Statute— Negligence Per Se) states: The law provides: [quote relevant statutory provision], [name of plaintiff] claims that [name of defendant] violated this law. If you find that [name of defendant] violated this law, you must find that [name of defendant] was negligent. If you find that [name of defendant] did not violate this law, then you must still decide whether [name of defendant] was negligent because [he] [she] failed to act as a reasonably careful person would under the circumstances established by the evidence in this case. Pa. SSJI (Civ) 13.100. . The parties discuss our decision in Sodders v. Fry, 32 A.3d 882 (Pa. Cmwlth. 2011). There, this Court held that a common pleas court erred in failing to charge the jury on negligence per se where the evidence showed a Vehicle Code violation occurred despite the fact that the common pleas court charged the jury on negligence generally and read the applicable Vehicle Code provisions to the jury. This Court explained that the common pleas court’s "failure to instruct the jury regarding negligence per se resulted in an inaccurate description of the relative duties of care in this case.” Id. at 888. As a result, this Court agreed with the common pleas court that a new trial was warranted. Here, not only did the trial court decline to instruct the jury as to negligence per se, it also declined to provide the jury with the relevant Vehicle Code provisions relating to the duty of care of pedestrians. Instead, the trial court only provided the jury with the general charge on negligence, which, as explained more fully below, did not adequately and accurately reflect the law. Nevertheless, citing Bressler v. Dannon Yogurt, 392 Pa.Super, 475, 573 A.2d 562 (1990), Plaintiff argues that if the trial court here gave the Port Authority’s requested instruction that a pedestrian is negligent per se if she does not use an available crosswalk or fails to yield to a vehicle that would constitute reversible error. Bressler is inapposite here. In Bressler, a pedestrian was struck while walking on a roadway by a vehicle that was backing out of a parking space. At trial, the defendant driver, relying on one of the Vehicle Code provisions cited by the Port Authority here, requested and received a negligence per se charge over the plaintiff’s objection. The common pleas court there instructed the jury: "If you find that [the plaintiff] was in the act of crossing the roadway at a point other than within a crosswalk or an intersection, then you should find him negligent.” Id at 565-66. The jury found the pedestrian plaintiff 50% causally negligent. In reversing the common pleas court and ordering a new trial, the Superior Court explained that based on the court’s charge, "the jury was ... under the misapprehension that [the plaintiff] could be found negligent solely because he had attempted to cross ... in the middle of a block. The jury, instead, should have been instructed that a pedestrian may not cross between intersections without exercising due care, and whether such care has been maintained is a question of fact to be determined by the jury after being adequately instructed as to the applicable standard of care.” Id at 566-67. The Court in Bressler further explained that where a pedestrian traverses a street at other than a regular crossing he is bound to exercise a higher degree of care for his own safety than if he were crossing at an intersection. The reason for the rule is apparent as he is crossing at a place where vehicular traffic could not be expected to anticipate a pedestrian. "It is equally well settled that it is the duty of a pedestrian to look before he undertakes a street crossing and to continue to look as he proceeds and such duty is particularly incumbent upon one who traverses a street between intersections.” Id. at 567 (citation omitted). For the reasons discussed below, the trial court here would not have committed reversible error by informing the jury of the Vehicle Code provisions relating to the duties of care of pedestrians as the jury was permitted to consider these duties in its apportionment of negligence. Further, contrary to Plaintiff's assertions, just because there was conflicting testimony as to the location in which the bus struck Plaintiff, does not mean that the instructions regarding the statutory duties of care for pedestrians should not have been given as the resolution of the evidentiary conflict was for the jury as fact-finder. . Nevertheless, Plaintiff asserts: “Should the Court agree with the Port Authority and de: termine that a single question — answered relatively shortly before the verdict was rendered — ⅛ evidence of confusion, it would essentially expose every verdict where a question is answered by the trial court to a new trial!” Br. of Designated Appellee at 20. In light of our detailed discussion above, we disagree with Plaintiff’s overly broad characterization of the purported consequences of our holding in-this case,