**IN THE SUPREME COURT OF PENNSYLVANIA**
**WESTERN DISTRICT**

**SAYLOR, C.J., BAER, TODD, DONOHUE, DOUGHERTY, WECHT, MUNDY, JJ.**

| | | |
|---|---|---|
| JOAN P. GROVE, | : | No. 31 WAP 2018 |
| | : | |
| Appellant | : | Appeal from the Order of the |
| | : | Commonwealth Court entered January |
| | : | 12, 2018 at No. 132 CD 2017, |
| v. | : | reversing the Order of the Allegheny |
| | : | County Court of Common Pleas |
| | : | entered January 31, 2017 at No. GD |
| PORT AUTHORITY OF ALLEGHENY | : | 14-016095. |
| COUNTY, | : | |
| | : | ARGUED: April 9, 2019 |
| Appellee | : | |
| | | |
| JOAN P. GROVE, | : | No. 32 WAP 2018 |
| | : | |
| Appellant | : | Appeal from the Order of the |
| | : | Commonwealth Court entered January |
| | : | 12, 2018 at No. 195 CD 2017, |
| v. | : | reversing the Order of the Allegheny |
| | : | County Court of Common Pleas |
| | : | entered January 31, 2017 at No. GD |
| PORT AUTHORITY OF ALLEGHENY | : | 14-016095. |
| COUNTY, | : | |
| | : | ARGUED: April 9, 2019 |
| Appellee | : | |

**OPINION**

**JUSTICE MUNDY**                              **DECIDED: OCTOBER 31, 2019**

Appellant, Joan P. Grove, was awarded a jury verdict of $250,000.00 in the Court

of Common Pleas of Allegheny County, in a personal injury action against Appellee, Port

Authority of Allegheny County. On appeal, the Commonwealth Court vacated the award

of damages and remanded for a new trial on the basis that the trial court erred in failing

to instruct the jury on negligence *per se*. We granted allocatur to determine whether the trial court's failure to give a negligence *per se* charge, where the jury nevertheless found Grove negligent, amounted to error because the negligence *per se* charge was relevant to apportionment of factual cause.

On Friday, June 16, 2014, Grove was walking on a sidewalk on Sixth Avenue in the City of Pittsburgh. Grove was heading in the direction of Montour Way, an alley, which runs perpendicular to Sixth Avenue. Grove intended to cross over Montour Way and continue down the sidewalk on Sixth Avenue. A stationary car was stopped in the crosswalk on Montour Way facing toward Sixth Avenue. Grove and a second pedestrian, Dante Anglin, both were walking in the same direction and crossed Montour Way at approximately the same time. In order to maneuver around the car in the crosswalk, Anglin walked around the front of the car moving left in the direction of Sixth Avenue to cross. Grove walked slightly to the left of Anglin and also around the car to cross Montour Way.

At the same time Grove and Anglin were crossing Montour Way by traversing around the stationary vehicle occupying the crosswalk, a car traveling in the same direction as Grove and Anglin on Sixth Avenue was stopped, presumably to make a left turn. Contemporaneously, a Port Authority bus, driven by Betty Cunningham, was traveling down Sixth Avenue in the same direction as the turning car, Grove, and Anglin. Cunningham was intending to stop the bus at the corner of Sixth and Smithfield Street, just past Montour Way. As Cunningham maneuvered the bus around the right side of the car stopped on Sixth Avenue, she struck Grove who was crossing Montour Way.

The bus knocked Grove to the ground, and drove over her right leg. Cunningham was unaware she had struck a pedestrian until a passenger on the bus alerted her and

yelled that someone had been hit. As a result of the accident, Grove underwent several surgeries, ultimately having her leg amputated from the knee down.

Grove filed a complaint asserting a claim of negligence against Port Authority. Port Authority filed an answer denying liability and claiming governmental immunity pursuant to Section 8541 of the Judicial Code, 42 Pa.C.S. § 8541. A jury trial commenced on September 26, 2016. At trial, several witnesses testified for each side. Additionally, photographic and video evidence of the incident, as well as medical evidence of Grove's injuries were presented to the jury.

At the conclusion of the trial, both sides participated in a charging conference. Relevant to the instant matter, Grove requested the trial court instruct the jury regarding Cunningham's violation of the Vehicle Code for overtaking a vehicle on the right "unless the movement can be made in safety." Plaintiff's Proposed Points for Charge, 9/25/16 at ¶ B.1.[1] Port Authority specifically requested a negligence *per se* charge be read to the

---

[1] The entirety of the statute referenced is as follows:

§ 3304. Overtaking vehicle on the right

**(a) General rule.--**The driver of a vehicle may overtake and pass upon the right of another vehicle only under one of the following conditions:

(1) When the vehicle overtaken is making or about to make a left turn, except that such movement shall not be made by driving off the berm or shoulder of the highway.

(2) Upon a roadway with unobstructed pavement of sufficient width for two or more lines of vehicles moving lawfully in the direction being traveled by the overtaken vehicle, except that such movement shall not be made by driving off the roadway.

**(b) Limitation.--**No passing movement under this section shall be made unless the movement can be made in safety.

75 Pa.C.S. § 3304.

jury.[2]   Port Authority also requested the trial court instruct the jury on four Vehicle Code

provisions pertaining to duty of care and negligence per se.  Defendant's Proposed Points

for Charge, 9/26/16, at 1.[3]   The trial court declined to read any of these proposed

---

[2] 13.100 (CIV) VIOLATION OF STATUTE—NEGLIGENCE PER SE

**The law provides: *[quote relevant statutory provision]*.**

***[name of plaintiff]* claims that *[name of defendant]* violated this law.**

**If you find that [*name of defendant*] violated this law, you must find that *[name of defendant]* was negligent.**

**If you find that *[name of defendant]* did not violate this law, then you must still decide whether *[name of defendant]* was negligent because [he] [she] failed to act as a reasonably careful person would under the circumstances established by the evidence in this case.**

Pa.S.S.J.I. (Civ) 13.100.

[3] **§ 3542. Right-of-way of pedestrians in crosswalks**

…

**(b) Exercise of care by pedestrian.--** No pedestrian shall suddenly leave a curb or other place of safety and walk or run into the path of a vehicle which is so close as to constitute a hazard.

75 Pa.C.S. § 3542(b).

* * *

**§ 3543. Pedestrians crossing at other than crosswalks**

**(a) General rule.--** Every pedestrian crossing a roadway at any point other than within a crosswalk at an intersection or any marked crosswalk shall yield the right-of-way to all vehicles upon the roadway.

75 Pa.C.S. § 3543(a).

* * *

**§ 3544. Pedestrians walking along or on highway**

instructions. In so doing, the trial court noted that Grove was not cited for violating any of the statutory provisions that Port Authority requested.

Ultimately, the following negligence charge was read to the jury:

> Joan Grove claims she was injured by Port Authority of Allegheny County's negligent conduct. Joan Grove has the burden of proving her claim. Port Authority of Allegheny County denies Joan Grove's claim. In addition, as a defense, Port Authority of Allegheny County claims that Joan Grove was negligent and Joan Grove's own negligence was the factual cause in bringing about Joan Grove's own injury. Port Authority of Allegheny County has the burden of proving this defense.
>
> The issues you must decide in accordance with the law as I give it to you are, was Port Authority of Allegheny County negligent? Was Port Authority of Allegheny County's negligent conduct a factual cause in bringing about the injury to Joan drove [sic]? Was Joan Grove also negligent? Was Joan Grove's negligent conduct also a factual cause in bringing about her own injury?
>
> In this case, you must decide whether Port Authority of Allegheny was negligent. I will now explain what negligence is. A person must act in a reasonably careful manner to avoid injuring others. The care required varies according to the circumstances and degree of danger at a particular time.
>
> You must decide how a reasonably careful person would act under the circumstances established by the evidence in this case. A person who does something a

---

**(a) Mandatory use of available sidewalk.--** Where a sidewalk is provided and its use is practicable, it is unlawful for any pedestrian to walk along and upon an adjacent roadway.

**…**

**(d) Right-of-way to vehicles.--** Except as otherwise provided in this subchapter, any pedestrian upon a roadway shall yield the right-of-way to all vehicles upon the roadway.

75 Pa.C.S. § 3544(a), (d).

reasonably careful person would not do under the circumstances is negligent. A person also can be negligent by failing to act. A person who fails to do something a reasonably careful person would do under the circumstances is negligent.

In order for Joan Grove to recover in this case, Port Authority of Allegheny County's negligent conduct must have been a factual cause in bringing about harm. Conduct is a factual cause of harm when the harm would not have occurred absent the conduct.

To be a factual cause, the conduct must have been an actual, real factor in causing the harm, even if the result is unusual or unexpected. A factual cause cannot be an imaginary or fanciful factor, having no connection or only an insignificant connection with the harm.

To be a factual cause, Port Authority of Allegheny County's conduct need not be the only factual cause. The fact that some other causes concur with Port Authority of Allegheny County's negligence in producing an injury does not relieve Port Authority of Allegheny County from liability, as long as its own negligence is a factual cause of the injury.

As a defense, the Port Authority of Allegheny County claims that Joan Grove's own negligence was a factual cause of her injury. Port Authority of Allegheny County has the burden to prove both of the following: That Joan Grove was negligent, and that Joan Grove's negligence was the factual cause of her injury.

If you find Joan drove's [sic] percentage of negligence is greater than 50 percent, Joan Grove cannot recover her damages. If you decide that both Joan Grove and Port Authority of Allegheny County were negligent and that the negligence of both parties was a factual cause of Plaintiff's injuries, you must then decide how much each party's negligence contributed to the plaintiff's injury. You should state each party's share of the negligence in the form of a percent. Together these percentages must total 100 percent.

If you decide that Joan Grove's negligence was greater than 50 percent, then the plaintiff cannot recover. If you decide that Joan Grove's negligence was less than or equal to Port Authority of Allegheny County's then the plaintiff can recover for her injuries. You must then decide the dollar amount of Joan Grove's damages.

In determining Joan Grove's damages, do not consider the percent of Joan Grove's negligence. I will reduce Joan Grove's damages based upon the percent of negligence you have assigned to the parties.

N.T., 9/27/16, at 297-300; *see also* Pa.S.S.J.I. (Civ) 13.10.

During deliberations, the jury submitted three written questions to the trial court. Specifically, the jury asked the following three questions. "What is the pedestrian right of way law in the City of Pittsburgh?" N.T., 9/27/16, at 316. "Are we supposed to disregard Sixth Avenue conflicts on one or two lanes?" *Id.* at 322. "Which wheel ran over Ms. Grove's leg?" *Id.* at 323-324. Port Authority renewed its request that the trial court instruct the jury on the aforementioned Vehicle Code provisions. The trial court again declined, informing the jury that the "right of way law is not an issue in this case." *Id.* at 326. Further, as to question two, the court informed the jury "there was no evidence introduced in this case to prove Sixth Avenue was by law one or two lanes going in the same direction as the bus traveled[,]" and as to question three, "your collective recollection of the evidence controls."[4]

On September 28, 2016, the jury reached a verdict, finding Grove and Port Authority each 50% negligent. The Foreperson read the verdict sheet and the jury's answers into the record.

Was the negligence of the Port Authority of Allegheny County a factual cause of any harm to Joan Grove? Yes. Was Joan Grove negligent? Yes. Was Joan Grove's negligence a factual cause of harm to her? Yes. Taking the combined negligence of what was a factual cause of any harm to Joan Grove as 100 percent, what percentage of negligence do you attribute to Joan Grove, and what percentage do you attribute to Port Authority of Allegheny County? Percentage

---

[4] After answering the jury's questions, the jury was dismissed for the day. Counsel for Port Authority renewed its request for the additional instructions on negligence *per se* via email before trial reconvened on September 28, 2016. The trial court again denied the request on the record that morning.

of negligence attributed to Joan Grove, 50 percent. Percentage of negligence attributed to Port Authority of Allegheny County, 50 percent. If you have found percentage is greater than 50 percent, Joan Grove cannot recover, and you should not answer any of the further questions.

*Id.* at 334.

The jury awarded damages of $2,731,000.00 to Joan Grove. Taking into account Grove's contributory negligence, the trial court molded the verdict, reducing it by half to $1,365,500.00. Further, because of the statutory cap on Port Authority's negligence as a Commonwealth agency, the verdict was molded to $250,000.00. 42 Pa.C.S. § 8528(b) ("Damages arising from the same cause of action or transaction or occurrence or series of causes of action or transactions or occurrences shall not exceed $250,000 . . . .").

Port Authority filed a post-trial motion seeking a new trial. Port Authority argued the trial court "erred in refusing to instruct the jury at multiple opportunities on the pedestrian duties of care and right-of-way laws specifically outlined in [Port Authority's] Proposed Points for Charge." Post-Trial Motion, 10/7/16 at ¶ 8.[5] Port Authority cited the jury's request for guidance on law applicable to the facts, and asserted the court erred when it "refused to provide the jury the relevant law directly on point to the factual issue it was deciding thereby depriving it of the ability to apply the correct law to the facts." *Id.*

A hearing was held, and on November 14, 2016, the trial court denied Port Authority's motion for post-trial relief.[6] Port Authority timely appealed to the Commonwealth Court challenging the trial court's decision not to instruct the jury on negligence *per se* and the enumerated statutes of the Motor Vehicle Code. Grove filed a

---

[5] Port Authority's post-trial motion indicated it "[s]pecifically[] requested Pennsylvania Suggested Civil Jury Instructions Standard Charge 13.100 on Negligence *Per Se* and cited three sections from the Pennsylvania Motor Vehicle Code which address the care, duties and right-of-way of pedestrians. 75 Pa. C.S. §§3542-3544."

[6] Additionally, that same day, the trial court granted Grove's motion for delay damages in the amount of $11,444.64, based on the molded verdict of $250,000.00.

cross-appeal contending the delay damages should have been calculated based on the molded verdict amount of $1,365,500.00, not on the molded verdict of $250,000.00. In a Rule 1925(a) opinion, the trial court explained its reasoning for denying Port Authority's post-trial motion and for calculating delay damages based on the $250,000.00 statutory cap.

Citing to *Sodders v. Fry*, 32 A.3d 882 (Pa. Cmwlth. 2011), the trial court noted that "a negligence *per se* instruction is a negligence charge, not a causation charge[, t]herefore, the most a negligence *per se* instruction can do is to lead a jury to find that one party or another is negligent." Trial Court Op., 4/25/17, at 6. The court went on to emphasize the jurors had four tasks: (1) determine if each party was negligent; (2) determine if each party's negligence was a factual cause of the accident; (3) determine comparative percentages of each party's causal negligence; and (4) determine damages. As such, the court reasoned, "the most a negligence *per se* instruction could have done for [Port Authority] in this case would have been to lead the jury to find [Grove] negligent." *Id.* at 17. Thus, the court concluded, because the jury found Grove negligent, the absence of the *per se* charge did not impact the jurors' negligence determination. Further, because the jury found Grove negligent, the failure to give the charge could not have been prejudicial error. The trial court proceeded to compare the instant matter to *Sodders*, noting that in *Sodders*, the court did not give a negligence *per se* charge either, but the jury did not find the defendant negligent, and the trial court granted Sodders post-sentence motion on the basis that harm did result. Finally, the court noted, the jury instructions read as a whole "fairly, accurately, and appropriately guided the jurors in determining negligence, causation, and damages." *Id.* at 11.[7]

---

[7] The trial court cited *Allen v. Mellinger*, 784 A.2d 762 (Pa. 2011), to support its holding that "[d]elay damages against Commonwealth agencies are limited to those calculated based upon the statutory cap." *Id.* at 11.

On appeal, a divided panel of the Commonwealth Court reversed the trial court's order and remanded for a new trial based on the "trial court's failure to adequately charge the jury regarding the legal principles relevant to the jury's apportionment of comparative negligence." *Grove v. Port Authority*, 178 A.3d 239, 241 (Pa. Cmwlth. 2018), *appeal granted*, 193 A.3d 343 (Pa. 2019).[8] The Commonwealth Court began by noting a trial court must follow a two-step process in determining whether to grant a new trial. First it must determine whether one or more mistakes occurred at trial, and second, if a mistake occurred, determine whether the mistake was a sufficient basis for granting a new trial. *Id.* at 243. Further, the court noted "the harmless error doctrine underlies every decision to grant or deny a new trial." *Id.* In turn, an appellate court must then examine the decision of a trial court to determine whether an error of law or an abuse of discretion occurred. If there are no mistakes, the appellate court must affirm.

The Commonwealth Court then noted jury instructions must be upheld if they adequately and accurately reflect the law and are sufficient to guide the jury in its deliberations. *Id.* at 244 (citing *Von der Heide v. Dep't of Transp.*, 718 A.2d 286 (Pa. 1998)). "[H]ere, the trial court charged the jury on general negligence, comparative negligence, and the apportionment of comparative negligence." *Id.* at 245. The court then reviewed the instructions given and determined "contrary to the trial court's determination, the negligence *per se* instruction, coupled with the duties of care for pedestrians set forth in the Vehicle Code were relevant to the jury's apportionment of comparative negligence here." *Id.* at 247. The court concluded:

> Here, despite seeking clarification as to a critical issue in the case, the right-of-way law, the trial court declined to provide accurate, relevant legal instructions contained in the Vehicle Code relating to the duties of care of pedestrians.

---

[8] Based on its holding, the Commonwealth Court dismissed Grove's cross-appeal as moot.

There is a substantial possibility that the trial court's refusal to provide these requested instructions, coupled with the trial court's statement that the right-of-way law was not an issue in this case, influenced the jury's apportionment deliberations. Indeed, the fact that the jury specifically requested guidance on this issue signifies the importance of the instruction, and the refusal to provide the requested guidance cannot be declared absolutely harmless.

*Id.* at 249. Further, without analysis or citation to legal authority, the court disagreed with the trial court's finding that the failure to instruct on negligence *per se* was harmless error because the jury found Grove negligent. *Id.* In a conclusory statement, the Commonwealth Court opined that "consideration of the specific duties of care of pedestrians could have impacted the jury's determination as to how to apportion comparative negligence here." *Id.* at 249-250.

Senior Judge Pellegrini, dissenting, stated "[b]ecause how a jury finds that a party breached a duty of care makes no difference in determining the 'causal connection' - *i.e.*, factual cause of the injury - and the majority holds that it does, I respectfully dissent." *Id.* at 250. Further, Judge Pellegrini noted although he agreed with the majority that "the trial court should have given the negligence *per se* instruction, it was harmless error because to give such a charge would not have made a difference in determining the percentage of factual cause for comparative negligence purposes." *Id.* at 252.

This Court granted allocatur limited to the following issue:

Did the Commonwealth Court misapprehend basic fundamentals of tort law by holding that the failure to give a per se negligence charge where the jury still found [Grove] to be negligent even without the benefit of such charge was somehow relevant to the apportionment of factual cause?

*Grove v. Port Authority*, 193 A.3d 343 (Pa. 2019).

Grove first argues the trial court did not err in determining a negligence *per se* charge was unnecessary. She asserts the Commonwealth Court erred in holding that a *per se* negligence charge may have affected the apportionment of negligence as it is

"contrary to the basic principles of tort law which considers breach of duty as an entirely separate issue from causation." Grove's Brief at 17. Grove emphasizes that in order to recover in a negligence case, the plaintiff must prove (1) that the defendant owed a duty to the plaintiff, (2) that the defendant breached that duty, (3) that the breach of duty was the 'proximate' or 'legal' cause of the accident, and (4) the plaintiff suffered an actual loss or damage." *Id.* at 18 (citing *Commonwealth Dep't of Pub. Welfare v. Hickey*, 582 A.2d 734, 736 (Pa. Cmwlth. 1990)). Grove argues a *per se* charge relates only to whether she breached a duty of care, and that "[e]ven if the jury found that a statute had been violated and the party was negligent *per se*, it still had to determine if such a violation was a factual cause[.]" *Id.* at 21. Grove argues the Commonwealth Court's holding gives greater weight to negligence *per se* than negligence determined by some other means. *Id.* She asserts, Pennsylvania courts have expressly rejected this, and cites to *White by Stevens v. SEPTA*, 518 A.2d 810, 818 (Pa. Super. 1986), noting, "to emphasize *per se* negligence 'would be to carve out one group of cases, those involving negligent *per se* plaintiffs, and as to them alone, reinstate contributory negligence as an automatic bar to recovery.'" *Id.* at 21-22

Second, Grove asserts, if the trial court did err in refusing to give a *per se* negligence instruction, such error was harmless as the jury found Grove was negligent. In support of her argument, Grove cites to *Gravlin v. Fredavid Builders and Developers*, 677 A.2d 1235 (Pa. Super. Ct. 1996), wherein the plaintiff requested a negligence *per se* charge based on the defendant's alleged violation of a state statute. The trial court denied plaintiff's request; nevertheless, the jury found both parties 50% negligent. Upon review, the Superior Court held:

> [T]here is nothing … about a finding of negligence per se, which removes the comparative negligence issue from the jury's consideration.

The Comparative Negligence Statute, 42 Pa.C.S.A. § 7102 reads in pertinent part as follows:

> **(a) General Rule.**—In all actions brought to recover damages for negligence resulting in death or injury to person or property, the fact that the plaintiff may have been guilty of contributory negligence shall not bar a recovery by the plaintiff ... where such negligence was not greater than the causal negligence of the defendant ... against whom recovery is sought, but any damages sustained by the plaintiff shall be diminished in proportion to the amount of negligence attributed to the plaintiff.

> Just as the connection must be made between appellee's conduct and any ensuing injury, appellant's conduct too must be scrutinized. Consideration of appellant's own responsibility for the accident would not have been removed by the finding of liability per se on appellee's part.

*Gravlin*, 677 A.2d at 1239. Grove then argues a *per se* charge takes the question of whether the conduct amounts to negligence out of the jury's hands, but has no bearing on the extent to which the conduct contributed to the factual cause. Grove's Brief at 23. Grove asserts Port Authority was not prejudiced by the trial court's failure to charge the jury on negligence *per se*. "Prejudice would have been present only if the jury found that Plaintiff was *not* negligent, but here they did just the opposite and, hence, the alleged 'error' caused no harm." *Id.* at 25.

Finally, Grove argues Port Authority was not precluded from arguing Grove was solely at fault for allegedly entering the street in front of the bus. Grove notes that Port Authority argued this point at length in both its opening and closing statement, but that the jury ultimately disagreed finding both parties contributed equally to the cause of the accident.

Port Authority responds by asserting the Commonwealth Court properly held the trial court's failure to instruct the jury on negligence *per se* and the Vehicle Code provisions was not harmless error. Port Authority relies upon two cases to support its argument, *Learn v. Vivian*, 171 A.2d 783 (Pa. 1961), and *Sodders*, *supra*. Port Authority Brief at 11. In *Learn*, the plaintiff was struck in a crosswalk by a driver turning a corner. The plaintiff requested a charge based on a provision of the Vehicle Code addressing the duty of a driver while turning, but the trial court denied the request. The jury found defendant was not negligent. In *Sodders*, the plaintiff was involved in a collision with the defendant, a police officer. Both parties requested an instruction on negligence *per se* and two applicable sections of the Vehicle Code. The trial court denied the negligence *per se* request but instructed the jury on negligence, contributory negligence, factual cause, and read the applicable sections of the Vehicle Code. The jury found defendant was not negligent. On appeal, both cases were reversed based on the erroneous instructions to the jury on the duty of care owed by the defendants. Port Authority argues that because here the trial court refused to instruct the jury on negligence *per se* and refused to read the relevant sections of the Vehicle Code, the trial court committed reversible error. Port Authority Brief at 12. Port Authority asserts that the failure to instruct the jury on the laws applicable to Grove's conduct "directly impacts the degree and extent of negligence of [Grove]." *Id.* at 13. Port Authority further posits "the violation of multiple statutes by [Grove] would have impacted the percentage of Grove's comparative causal negligence." *Id.* Therefore, Port Authority argues that this error was not harmless.

We presently review the Commonwealth Court's grant of a new trial. The Commonwealth Court "is obligated to apply an abuse of discretion standard in reviewing

a trial court's denial of a motion for a new trial, and may overturn the trial court's determination only if that court abused its discretion." *Ball v. Bayard Pump & Tank Co.*, 67 A.3d 759, 767 (Pa. 2013) (citation omitted). "It is well settled that in reviewing a challenge to a jury instruction the charge, as a whole, must be considered. Furthermore, the trial court has broad discretion in phrasing the instructions, so long as the directions given 'clearly, adequately, and accurately' reflect the law." *Commonwealth v. Lesko*, 15 A.3d 345, 397 (Pa. 2011) (citation omitted). "Error in a charge is sufficient ground for a new trial, if the charge as a whole is inadequate or not clear or has a tendency to mislead or confuse rather than clarify a material issue. A charge will be found adequate unless 'the issues are not made clear to the jury or the jury was palpably misled by what the trial judge said or unless there is an omission in the charge which amounts to fundamental error.'" *Stewart v. Motts*, 654 A.2d 535, 540 (Pa. 1995) (citations omitted). Further, "[a] reviewing court will not grant a new trial on the ground of inadequacy of the charge unless there is a prejudicial omission of something basic or fundamental. In reviewing a trial court's charge to the jury, we must not take the challenged words or passage out of context of the whole of the charge, but must look to the charge in its entirety." *Id.* "The harmless error doctrine underlies every decision to grant or deny a new trial. A new trial is not warranted merely because some irregularity occurred during the trial or another trial judge would have ruled differently; the moving party must demonstrate to the trial court that he or she has suffered prejudice from the mistake." *Harman ex rel. Harman v. Borah*, 756 A.2d 1116, 1122 (Pa. 2000).

Upon review of the Commonwealth Court's opinion, we cannot discern a fundamental error or prejudicial omission upon which the majority based its decision to

reverse the trial court's denial of Port Authority's post-trial motion. Our law is clear, an appellate court will not grant a new trial absent a finding of a fundamental error or prejudicial omission. *Stewart*, 654 A.2d at 540. At no point did the Commonwealth Court affirmatively conclude that the failure to give a negligence *per se* instruction would have impacted the outcome, but rather the court engaged in speculation that the omission of the instructions *could* have impacted the jury's apportionment decision. *See Grove*, *supra* at 249-250 ("There is a substantial possibility that the trial court's refusal to provide these requested instructions … influenced the jury's apportionment deliberations"; "the jury could consider the number and type of specific duties [Appellant] may have violated"; "consideration of these specific duties of care of pedestrians could have impacted the jury's determination as to how to apportion the comparative negligence here.").

In addition to failing to indicate a precise fundamental error or prejudicial omission, the Commonwealth Court's opinion does not address or reconcile the trial court's conclusion that any omission of a negligence *per se* charge was harmless error as the jury had made the determination Grove was negligent. A negligence *per se* charge only relates to the first two elements of negligence, duty and breach of that duty. As the jury ultimately found Grove negligent, it necessarily concluded that she had a duty of care and breached that duty.[9] Thus, any omission of a negligence *per se* charge was not a

---

[9] The circumstances of the present matter are distinguishable from the cases relied upon by Port Authority, *Learn* and *Sodders*. In each of those cases the failure to give a negligence *per se* instruction resulted in the jury failing to find the defendant negligent. Therefore, in both cases the error was not harmless and a new trial was granted. Neither *Learn* or *Sodders* suggest that negligence *per se* has any bearing on apportionment of factual cause. "The law is well settled, however, that even having proven negligence *per se,* a plaintiff cannot recover unless it can be proven that such negligence is the 'proximate' or 'legal' cause of the injury." *Sodders*, 32 A.3d at 887.

fundamental error and Port Authority was not prejudiced. "The primary element in any negligence cause of action is that the defendant owes a duty of care to the plaintiff." *Bilt-Rite Contractors, Inc. v The Architectural Studio*, 866 A.2d 270 (Pa. 2005) (citing *Althaus ex rel. Althaus v. Cohen,* 756 A.2d 1166, 1168 (Pa. 2000)). "In a typical injury case, the plaintiff must prove all of the following elements of negligence: (1) the defendant owed the plaintiff a duty or obligation recognized by law; (2) the defendant breached that duty; (3) a causal connection existed between the defendant's conduct and the resulting injury; and (4) actual damages occurred." *Sodders*, 32 A.3d at 887 (citations omitted). "Proof that an applicable statute exists and that the defendant violated that statute establishes only the first two elements of negligence—duty and breach. 'The law is well settled, however, that even having proven negligence *per se,* a plaintiff cannot recover unless it can be proven that such negligence is the 'proximate' or 'legal' cause of the injury.'" *Id.* (citations omitted).

Reviewing the trial court's instructions as a whole, the trial court instructed the jury on negligence, Pa. S.S.C.J.I. (Civ) § 13.10, apportionment of factual cause, Pa. S.S.C.J.I. (Civ) § 13.20, and apportionment of comparative negligence, Pa. S.S.C.J.I. (Civ) § 13.190. Further, it instructed the jury that if Grove's negligence was greater than Port Authority's, then Grove could not recover damages. Port Authority's argument is essentially that a negligence *per se* charge could have been given instead of the general negligence charge. While the trial court had discretion to grant Port Authority's request, ultimately a negligence *per se* instruction has no bearing on the instructions given pertaining to factual cause and comparative negligence. Port Authority asserts that it "presented evidence at trial that Grove violated the pedestrian duties of care in the Motor

Vehicle Code which was a factual cause of her injuries." Port Authority Brief at 13. Port Authority then makes the leap that "[t]he trial court's refusal to instruct the jury on the laws applicable to Grove's conduct as a pedestrian directly impacts the degree and extent of negligence of Grove." *Id.* Port Authority fails to support this leap from duty to percentage of factual cause with any authority. Thus, Port Authority was not prejudiced by the trial court's decision not to instruct the jury on negligence *per se*, where despite the absence of the instructions, the jury found Grove negligent. It is well established that the question of the factual cause of Grove's injury is a separate inquiry and a question solely for the jury to consider. In fact, counsel for both parties presented evidence of the factual cause of the accident and argued vigorously in their closing statements that the other party's conduct was the factual cause of the accident.

As Judge Pellegrini noted in dissent,

> [I]t is irrelevant **how** the jury found that [Grove] breached a duty - i.e., negligence-in-fact or negligence *per se* - because the jury's determination was made based on her conduct of encroaching on Sixth Ave. Once it has been found that there was a duty and it was breached, then the conduct of the parties are compared to determine what percentage each party's conduct was the factual cause for the injuries for which compensation was sought. The jury here, based on the respective conduct of the parties, found that each of them was 50% at fault for [Grove]'s injuries.

*Grove*, 178 A.3d at 255 (Pellegrini dissenting) (emphasis in original).

This Court granted review to determine whether the Commonwealth Court abused its discretion or committed legal error in determining the trial court's error was not harmless. We conclude it did. Because the jury found Grove negligent, any perceived error in failing to instruct on negligence *per se* was harmless error. Importantly, the Commonwealth Court did not make a finding of prejudice in its harmless error analysis; it

merely opined the proposed instructions could have influenced the jury. "Harmless error exists if the record demonstrates either . . . the error did not prejudice the defendant or the prejudice was de minimis[.]" *Commonwealth v. Hairston*, 84 A.3d 657, 671 (Pa. 2014). The standard is not that the omitted instructions could have influenced the jury. Prejudice is required. A lack of any prejudice analysis undermines the Commonwealth Court's conclusion that the error was not harmless.

Accordingly, we reverse the Commonwealth Court's order reversing the trial court and granting Port Authority a new trial. This matter is remanded to the Commonwealth Court for disposition of Grove's cross-appeal.

Justices Baer, Todd, Donohue and Dougherty join the opinion.

Justice Baer files a concurring opinion in which Justices Donohue, Dougherty and Mundy join.

Justice Donohue files a concurring opinion.

Chief Justice Saylor and Justice Wecht file dissenting opinions.